**Guadalupe Trevino LONGORIA, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–84–437–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 24, 1985.

Robert Whittington, Brownsville, for appellant.

Ben Euresti, Jr., Crim. Dist. Atty., Brownsville, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

A jury convicted appellant of aggravated kidnapping and assessed punishment at fifteen years confinement and a fine of $5,000.

In two grounds of error, appellant challenges the admission into evidence, over his objection, at the punishment phase of the trial, of testimony by the victim that four days after the offense in question, appellant shot her in the face.

The sufficiency of the evidence to sustain the conviction is not challenged. In substance it was shown that on July 11, 1984, appellant abducted his estranged wife and terrorized her for approximately two hours before she convinced him to release her. During the guilt stage of the trial, appellant testified. He admitted that he took his wife to a secluded area to discuss the future of their marriage. He denied the use of force or threats or any terroristic actions. His position was that his wife went with him voluntarily and their entire visit was calm and rational.

On both direct and cross-examination, appellant testified that he loved his wife. He also testified he would not and had not ever done anything to hurt her. The jury chose to believe the testimony of the estranged wife and found appellant guilty.

At the hearing on punishment, the State recalled the victim and, over the objection of appellant, elicited testimony from her that four days after the offense in question, appellant shot her in the face at the Bonanza Restaurant in Harlingen, Texas.

Appellant contends that the evidence of the shooting was inadmissible because it was an extraneous offense from which no final conviction resulted and because it was committed subsequent to the offense in question.

We hold the evidence admissible and affirm the conviction.

The question of admissibility of extraneous offenses has been the subject of extensive discussion. The Court of Criminal Appeals, in *Kelley v. State*, 677 S.W.2d 34, 36 (Tex.Crim.App.1984) recently reaffirmed the well-known principle that introduction of an extraneous offense is inherently prejudicial because (1) the accused is entitled to be tried on the accusation made in the State's charging instrument which specifies the "material issues" of the case and cannot—consistent with the rudiments of due process—be tried for some collateral crime of which he has no notice, *Jones v. State*, 568 S.W.2d 847, 858 (Tex.Crim.App.1978); *Walls v. State*, 548 S.W.2d 38, 41 (Tex. Crim.App.1977); *Young v. State*, 159 Tex. Cr.R. 164, 261 S.W.2d 836, 837 (Tex.Crim. App.1953); and (2) an accused's propensity to commit crimes is not an issue which is material to whether he is guilty of the specific conduct charged by the State. *Collazo v. State*, 623 S.W.2d 647, 647 (Tex. Crim.App.1981); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). This general principle has been acknowledged by this Court, and in *Gomez v. State*, 626 S.W.2d 113, 114–115 (Tex.App.—Corpus Christi 1981, pet. ref'd), we pointed out a number of recognized exceptions to this principle. The exceptions to the general rule have often caused confusion in their application.

The Court of Criminal Appeals, in *Williams v. State*, 662 S.W.2d 344 (Tex.Crim. App.1984), has attempted to clarify the confusion about the rules on admissibility of extraneous offenses. Judge McCormick, speaking for the Court, points out that the list of exceptions to nonadmissibility of extraneous offenses is a list of examples of exceptions and is not intended to be an all-inclusive list. He points out that the true test of the admissibility of extraneous offense evidence is set out in *Elkins v. State*, 647 S.W.2d 663, 665 (Tex.Crim.App. 1983) where the Court stated:

'[T]hese evidentiary principles, as most, must in some circumstances give

way. For extraneous transactions constituting offenses shown to have been committed by the accused (note omitted) may become admissible upon a showing by the prosecution both that the transaction is *relevant* to a *material* issue in the case; and, the relevancy value of the evidence outweighs its inflammatory or prejudicial potential.' [Emphasis in original].

TEX.CODE CRIM PROC.ANN. art. 37.-07 sec. 3(a) (Vernon 1981) provides that at the punishment stage of the trial, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character. Prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

However, evidence of prior criminal record, general reputation or character, is not the only type of evidence admissible. The facts and circumstances surrounding the offense and evidence relevant to mitigation of punishment may also be admitted at the punishment hearing. *Williams v. State,* 535 S.W.2d 637, 639 (Tex.Crim.App. 1976).

Appellant had voluntarily testified at the guilt stage that he loved his wife and had never threatened or injured her. The jury could have properly considered this as mitigating evidence in deciding the issue of punishment. The shooting could also be considered to rebut the mitigating circumstances.

Thus, the fact that appellant shot the complaining witness in the face four days after abducting her is relevant to the issue of punishment. Under the circumstances of this case, we hold that the relevance of the evidence outweighs any inflammatory or prejudicial potential of the evidence.

In addition, the extraneous offense would have been relevant at the guilt stage to *rebut appellant's testimony on the mate*rial issue of intent to terrorize the victim as well as his denial of using and threatening use of deadly force. Evidence which would have been admissible at the guilt stage is admissible at the punishment stage. *Hargrove v. State,* 579 S.W.2d 238, 239 (Tex. Crim.App.1979). Appellant's first ground of error is overruled.

Ground of error number two complains of the introduction of evidence of the shooting on the ground that it occurred subsequent to the date of the offense charged. It is well settled that evidence of subsequent crimes may be admitted for the purpose of showing intent. *Sewell v. State,* 629 S.W.2d 42, 46 (Tex.Crim.App. 1982). Further, under the rules enunciated in *Williams v. State,* 662 S.W.2d 344 (Tex. Crim.App.1984), it appears immaterial that the event occurred at a subsequent time. Ground of error number two is overruled.

The judgment of the trial court is AFFIRMED.