Mario A. FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01059–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1993.

Loren A. Detamore, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Ricky Raven, Houston, for appellee.

## OPINION ON MOTION
## FOR REHEARING

HEDGES, Justice.

The State has filed a motion for rehearing urging this Court to reconsider the decision rendered on August 12, 1993. The State reasserts the theory that because evidence of an extraneous offense is admissible at the guilt phase then it should be admissible at the punishment phase, and the admission is, therefore, not reversible error. We overrule the State's motion for rehearing, but we withdraw our opinion of August 12, 1993, and issue this opinion in its stead.

The issue before us is whether evidence of a subsequent, unadjudicated murder is admissible in the punishment phase of a non-capital murder trial. We hold that it is not and reverse and remand for a new trial on punishment under Tex.Code Crim.P.Ann. art. 44.24(b) (Vernon Supp.1993).

### 1. Fact Summary

At 3:00 a.m. on September 7, 1991, the 17-year-old appellant and his friends were eating at the Cancun Taqueria. The decedent and a male companion were sitting at a nearby table. When appellant insulted the decedent, his companion got up, grabbed appellant on the arm, and "asked him to fight." The decedent began fighting with appellant's cousin, Saul. Tables were overturned and silverware was scattered on the floor.

Appellant had given his .38 caliber semi-automatic handgun to Julio Lopez to hold. When the fight broke out, Lopez pulled out the gun and shot it in the air. He thought that everyone would stop "like in the movies," but the fighting continued. Lopez headed out of the restaurant to the car. Appellant followed him and got the gun.

When appellant returned to the restaurant, he saw decedent holding a knife to his cousin's throat. He yelled, "Hey!" and aimed the gun at decedent's shoulder. The bullet hit the top of decedent's head. Appellant and his cousin ran from the restaurant and jumped in the backseat of their companion's car. Appellant told the other people in the car that he had shot the decedent in the head, that it blew up like a watermelon, and

that he was proud of it. The gun was not found. A jury convicted appellant of murder and assessed his punishment at 75–years confinement.

At the punishment phase, the State proved up a second, unadjudicated murder. On March 2, 1992, appellant was arrested at his home for the murder of Ricardo Islas, one of the witnesses to the first murder. Islas was found sitting at the kitchen table, killed by a bullet that entered through his lower lip and exited at the back of his neck, puncturing a jugular vein. The State introduced pictures of the body both at the scene and in the morgue. Testimony was heard from the doctor who conducted the autopsy and from police officers who were called to the scene. Appellant's statement to police was introduced. Mario Cantu, a friend of appellant, testified that about a week before the second murder, appellant had told Islas that he "shouldn't have said what he said in the courtroom or whatever, that he was going to take him out."

### 2. Extraneous Offense

In point of error three, appellant asserts that the trial court erred in admitting evidence of the second murder during the punishment phase of the trial. In point of error 10, appellant contends that the trial court erred in refusing to instruct the jury that it was to assess punishment for the "killing of the complaining witness" in this case. Another witness testified that appellant had killed Ricardo Islas after Ricardo had testified against him in some proceeding associated with this case.

Evidence admissible at the punishment stage is described in article 37.07, section 3(a), which provides:

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of rec-

ord, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a) (Vernon Supp.1993).

The State acknowledges that extraneous offenses are not admissible at the punishment phase under *Grunsfeld v. State,* 843 S.W.2d 521, 526 (Tex.Crim.App.1992). Nonetheless, it argues that because the extraneous offense would have been admissible in the guilt phase of trial, it was not error to admit it in the punishment phase. Citing *Hargrove v. State,* 579 S.W.2d 238, 239 (Tex. Crim.App. [Panel Op.] 1979), and *Longoria v. State,* 700 S.W.2d 274, 276 (Tex.App.—Corpus Christi 1985, no pet.) (relying on *Hargrove* ), the State asserts that the evidence of the second murder would have been admissible at the guilt phase because it is evidence of appellant's "consciousness of guilt."

■ We hold that even if the evidence were admissible to prove guilt, which we do not decide here, an unadjudicated offense is not admissible at the punishment phase. In *Grunsfeld,* the Court of Criminal Appeals noted that the definition of "prior criminal record" has not been modified since its inclusion in the statute in 1967:

Pursuant to this definition, this court has consistently held that evidence of specific acts (good or bad), including extraneous, unadjudicated offenses are inadmissible. *Hedicke v. State,* 779 S.W.2d 837, 839; *Drew v. State,* 777 S.W.2d 74, 76 (Tex. Crim.App.1989); *Murphy v. State,* 777 S.W.2d 44, 61 (Tex.Crim.App.1989) (op. on reh'g); *Elder v. State,* 677 S.W.2d 538, 539 (Tex.Crim.App.1984); *Ramey v. State,* 575 S.W.2d 535, 537 (Tex.Crim.App.1978); *Sherman v. State,* 537 S.W.2d 262, 263–64 (Tex.Crim.App.1976); *Lege v. State,* 501 S.W.2d 880, 881–82 (Tex.Crim.App.1973); *Mullins v. State,* 492 S.W.2d 277, 278–79 (Tex.Crim.App.1973). We see no reason to construe that definition any differently now.

843 S.W.2d at 525 n. 9.

The *Grunsfeld* court considered two appellate court decisions with opposite holdings on whether unadjudicated extraneous offenses could be introduced during the punishment phase of the trial. The court resolved the conflict between the decisions:

In light of the legislative history and the timing of the amendment, and in an effort to ascribe meaning to each word contained in the subject provision, as amended, we agree with the Dallas Court of Appeals in *Grunsfeld* in construing article 37.07(3)(a), to provide that even if deemed relevant to sentencing by the trial court, evidence is not admissible at punishment, *unless* (1) it is permitted by the Rules of Evidence, and (2) if the evidence sought to be admitted is evidence of an extraneous offense, it satisfies article 37.07(3)(a)'s definition of prior criminal record.

843 S.W.2d at 523 (footnotes omitted).

In *Tyrone v. State,* 854 S.W.2d 153, 154 (Tex.App.—Fort Worth 1993, pet. ref'd), the trial court excluded evidence of unadjudicated extraneous offenses in the guilt phase and admitted the evidence at the punishment phase. Holding that the trial court did not err in excluding the extraneous offense during the guilt phase, the court did not reach the issue whether evidence of an unadjudicated, extraneous offense admissible at the guilt stage is admissible at the punishment phase, as held in *Longoria v. State,* 700 S.W.2d 274, 275 (Tex.App.—Corpus Christi 1985, no pet.). Accordingly, the court declined to decide whether *Grunsfeld* overruled *Longoria.*

■ We hold that *Grunsfeld* overruled *Longoria* and *Hargrove.* Therefore, even if evidence of the prior unadjudicated offense were admissible in the guilt phase to show consciousness of guilt, it was not admissible at the punishment stage because it did not satisfy the definition of prior criminal record under TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a). We note that the legislature has amended TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a), such that evidence of unadjudicated offenses are admissible at the punishment phase after September 1, 1993, if the trial court deems such evidence relevant to sentencing. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex.Gen.Laws 3589, 3762.

We sustain point of error three, and having done so, we need not reach point of error 10.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published. The judgment of the trial court as it pertains to guilt is affirmed; the judgment of the trial court as it pertains to punishment is reversed and the cause remanded for a new punishment hearing. Tex. Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1993).