Michael Joseph Bitgood EASTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 1–93–00399–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 1996.

Rehearing Overruled March 7, 1996.

Stanley G. Schneider, Houston, for Appellant.

John B. Holmes, Linda A. West, Deborah Mantooth, Houston, for Appellee.

Before ANDELL, HUTSON–DUNN and PRICE,* JJ.

## OPINION

ANDELL, Justice.

This is an appeal from punishment assessed after remand from an earlier appeal. Appellant, Michael Joseph Bitgood Easton, was convicted by a jury of third degree felony theft.[1] The trial court originally assessed punishment at 10–years confinement, probated for 10 years, and a fine of $1,000. The Eastland Court of Appeals, in an unpublished opinion, affirmed appellant's conviction, but remanded for a new punishment hearing.[2] *Easton v. State,* No. 11–90–062–CR (Tex. App.—Eastland, Nov. 27, 1991, pet. ref'd) (not designated for publication). On remand, the trial judge assessed the same punishment: 10–years confinement, probated for 10 years, and a fine of $1,000. This appeal follows the second punishment hearing. In three points of error, appellant asserts the State suppressed exculpatory material during the guilt-innocence phase of his trial, and he was denied the right to a trial by jury. We affirm.

## Facts And Procedural Posture

On the morning of March 6, 1986, appellant entered a Gordon's Jewelry store located in Westwood Mall in Houston. Due to the early hour, appellant was the only customer in the store. After some browsing, appellant tried on a man's three carat diamond ring that had a retail value of $4,500. Appellant informed the sales clerk he wished to purchase the ring and asked to fill out a credit application. While waiting on his credit to be approved, appellant went from counter to counter with the ring to see how it looked with several different watches. After looking at the third watch, appellant left the store. Appellant said he was going to get a soft drink while he was waiting for approval of his credit application. After appellant left the store, Ellen Hosey, the salesperson who had been helping him, realized the ring was missing. She "tore the store apart" looking for the missing ring, but did not find it. There had been no other customers in the store that morning. A jeweler from another store testified appellant brought a ring to him to appraise on March 31, 1986, and that this ring looked very much like the missing Gordon's ring.

Appellant was charged with theft of the ring. The jury found appellant guilty. Appellant elected not to have the jury sentence him when the judge told him he could not receive community service from a jury because he had already received deferred adjudication for a prior felony. Punishment was assessed by the trial court. After sentencing, appellant filed a motion for new trial based upon the State's alleged suppression of exculpatory evidence. The trial court refused the motion. On original appeal, the points of error raised by appellant germane to this second appeal were: (1) the trial court erred by overruling his motion for new trial and (2) the trial court erred in ruling that appellant was not eligible to receive community service from a jury.

As to his argument the State suppressed exculpatory evidence, the Eastland Court held the evidence about which appellant complained of was not exculpatory. However, the court also held appellant was eligible to

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Tex.Penal Code Ann. § 31.03(e)(4) (Vernon Supp.1996).

2. The appeal was transferred from this Court to the Eastland Court of Appeals pursuant to Tex Gov't Code Ann. § 73.001 (Vernon Supp.1996).

receive community service from a jury in spite of having already been placed on deferred adjudication. In accordance with TEX. CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1996), the court affirmed appellant's conviction, but reversed and remanded the cause as to punishment. On remand, however, appellant did not file an election to have a jury assess his punishment. Instead, he proceeded without objection to allow the trial court to again impose his sentence. After sentencing, appellant filed a motion for new trial alleging he should be granted a new trial as to both guilt-innocence and punishment. The trial court denied the motion, and this appeal followed.

### Suppression Of Exculpatory Evidence

In this direct appeal from the retrial of the punishment phase of his trial, appellant alleges in points of error one and two that his rights to due process and effective assistance of counsel were violated because the State suppressed "exculpatory and material information which was in its possession" during the guilt-innocence phase of his trial.[3] Appellant argues he was unable to effectively prepare for trial because the State suppressed evidence consisting of allegedly inconsistent statements made by Hosey to Gordon's internal investigators, and the State used Hosey's perjured testimony to obtain appellant's conviction. He contends, had this information been available to him during the guilt-innocence phase of his trial, he would have been able to impeach Hosey's trial testimony.

■■■ As noted above, appellant's conviction has already been appealed and affirmed. *Easton,* No. 11–90–062–CR. The remand from the Eastland Court of Appeals involved punishment only. This being so, the trial court was only empowered to proceed to a new determination as to punishment; it had no power to grant appellant a new trial on guilt-innocence. *See* TEX.CODE CRIM.P.ANN.

art. 44.29(b) (Vernon Supp.1996); *State v. Mapp,* 764 S.W.2d 823, 824 (Tex.App.—Houston [14th Dist.] 1989, no pet.). An appellant may not assert any error that occurred during the guilt-innocence phase of trial when he is appealing from the retrial of only the punishment phase. *Rische v. State,* 834 S.W.2d 942, 948 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Sanders v. State,* 832 S.W.2d 719, 723–24 (Tex.App.—Austin 1992, no pet.). Appellant's complaints regarding evidence allegedly suppressed by the prosecution relates to conduct that occurred during the guilt-innocence phase of appellant's original trial. Appellant's motion for new trial, insofar as it related to suppressed evidence, was untimely and preserved nothing for our review. *Rische,* 834 S.W.2d at 948; *Sanders,* 832 S.W.2d at 723–24.

Appellant contends we may rule on the merits of his claim of suppressed evidence pursuant to TEX.R.APP.P. 2(b). Rule 2(b) provides that for good cause shown, an appellate court may suspend the requirements and provisions of any rule in a particular case. Utilizing the authority of rule 2(b), application of the 30–day deadline for filing a motion for new trial provided by TEX.R.APP.P. 31(a)(1) has been suspended to allow an out-of-time motion for new trial under certain circumstances when good cause is shown. *See, e.g., Tuffiash v. State,* 878 S.W.2d 197, 198–99 (Tex.App.—San Antonio 1994, pet. ref'd) (out-of-time motion permitted based on newly discovered evidence); *Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (appeal abated and case remanded to trial court to file out-of-time motion for new trial based on no representation by counsel).

■■■ Appellant learned of the suppressed evidence before his case was remanded to the trial court for a new punishment hearing. Despite this knowledge, he did not ask the Eastland Court of Appeals or the Court of

---

**3.** The two points of error bear verbatim repeating here: (1) "Appellant is illegally confined and restrained of his liberty because his right to due process was violated by the State's suppression of exculpatory and material information which was in its possession. U.S. Const. amend. XIV; Tex. Const. art. I, § 10;" and (2) "Appellant is

illegally confined and restrained of his liberty because his right to effective assistance of counsel was violated by the State's suppression of exculpatory and material information which was in its possession. U.S. Const. amend. VI; Tex. Const. art. I, § 10."

Criminal Appeals to abate his appeal to allow an out-of-time motion for new trial based on the discovery of the allegedly suppressed evidence. Instead, he waited until the Eastland Court of Appeals affirmed his conviction, the Court of Criminal Appeals refused his petition for discretionary review, and the trial court reassessed punishment after remand before raising this matter. Appellant has not shown good cause for us to allow him to file an out-of-time motion for new trial.

■ Appellant's argument regarding this Court's authority to set aside his sentence and allow him to pursue an out-of-time motion for new trial relies on *Harris v. State,* 818 S.W.2d 231, 232–33 (Tex.App.—San Antonio 1991, no pet.). In *Harris,* the court of appeals held it had jurisdiction over the defendant's appeal, and therefore it was not enlarging its own jurisdiction by abating the appeal and remanding the case to the trial court to review an out-of-time motion for new trial based on newly discovered evidence. *Harris,* however, is distinguishable, because in that case the defendant's conviction had not yet been affirmed. Here, appellant's conviction was affirmed · by the Eastland Court of Appeals and the Court of Criminal Appeals refused his petition for discretionary review. Pursuant to Tex.Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1996), only the punishment phase of appellant's case was remanded for retrial. Therefore, the trial court was limited to reassessing punishment, and this Court is limited to reviewing errors that allegedly occurred during the punishment retrial. *Rische,* 834 S.W.2d at 948; *Sanders,* 832 S.W.2d at 723–24.

■ The determination of appellant's guilt has become final. Hence, the proper remedy for appellant to complain of allegedly suppressed evidence is to file a postconviction writ of habeas corpus. *See, e.g., Ex parte Mitchell,* 853 S.W.2d 1, 4 (Tex.Crim.App. 1993) (habeas relief granted when State suppressed exculpatory and material information). We overrule appellant's first and second points of error.

## Assessment Of Punishment By Trial Court

Appellant's point of error three states: "Appellant is illegally confined and re-strained of his liberty because his right to a jury trial was violated by the court's failure to permit him to seek probation from a jury and was therefore prevented from selecting a jury that was properly qualified to consider the full range of punishment options."

The Eastland Court of Appeals held appellant could have been given community service by a jury. The court accordingly reversed the judgment in part and remanded appellant's cause for assessment of punishment by jury. Believing the Eastland Court was in error, appellant petitioned the Court of Criminal Appeals for discretionary review. He contended he was entitled to a new trial on guilt-innocence as well as punishment because the error occurred during voir dire of the jury panel, not in the punishment stage. The Court of Criminal Appeals refused his petition.

In this appeal, appellant's argument under this point of error stresses he was not able to effectively voir dire the original jury panel on punishment options. He contends the Eastland Court of Appeals and the Court of Criminal Appeals were simply in error in holding his case was to be reversed on punishment only. Therefore, he maintains that he was denied his right to a trial by jury.

■ Appellant raised this complaint in the original appeal heard by the Eastland Court of Appeals and in his petition to the Court of Criminal Appeals. To the extent appellant is asking this Court to reverse the decision of a sister appellate court, we are unable to do so. *Long v. State,* 820 S.W.2d 888, 890 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (holding the "law of the case" prevented disposition of questions of law resolved in an earlier appeal of the same case).

■ Furthermore, to the extent that appellant's complaint concerns the failure of the trial court to empanel a jury to assess punishment after remand, appellant waived this right. The Court of Criminal Appeals has consistently held "the constitutional right of trial by jury does not encompass the right to have a jury assess punishment." *Martin v. State,* 753 S.W.2d 384, 389 (Tex.Crim.App.

1988); *see also Bullard v. State*, 548 S.W.2d 13, 16–18 (Tex.Crim.App.1977). Punishment by jury is a statutory right. *Martin*, 753 S.W.2d at 389–90.

Article 44.29(b) states if an appellate court reverses and remands for errors in the punishment stage only, the court shall commence the new trial as if a finding of guilt had been returned, and proceed to the punishment stage of the trial. *"If the defendant elects,* the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court." TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1996) (emphasis added). Therefore, under article 44.29(b), appellant had the option after remand to choose to have either the court or a jury assess punishment. There is no constitutional or statutory right, however, to have the court empanel the *same* jury that determined guilt-innocence to determine punishment. *See* TEX.CODE CRIM.P.ANN. art. 37.07(2)(b) (Vernon Supp.1996) (if jury returns finding of guilt, trial judge will assess punishment provided that if defendant so elects, the punishment shall be assessed by the *same* jury *except as provided in article 44.29* ) and art. 44.29(b) (Vernon Supp.1996) (after remand for punishment only, if defendant elects, the court shall empanel jury for sentencing stage). Although appellant seems to assert otherwise, article 44.29(b) clearly envisions a *new* jury will be empaneled after remand. If appellant had chosen to have the jury assess punishment after remand, he would have had the opportunity to conduct a proper voir dire of the punishment venire.

Appellant, however, neither filed an election requesting a jury be empaneled to assess punishment, nor objected to the trial court's receiving evidence and assessing his punishment. Appellant, therefore, waived his right to have a jury impose sentence. *Martin*, 753 S.W.2d at 390 (even when defendant filed election to have jury assess punishment, defendant waived the right when she did not object to dismissal of jury, presentation of evidence to trial court or assessment of punishment by trial court); *Hackey v. State*, 500 S.W.2d 520, 521 (Tex.Crim.App. 1973) (absent objection, court will presume

defendant agreed trial judge should assess punishment); *Mangham v. State*, 833 S.W.2d 705, 708 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (when defendant files election to have jury assess punishment, but trial court assesses punishment without objection, no reversible error).

We overrule appellant's third point of error.

We affirm the trial court's judgment.