TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00601-CR

Mike Tobias, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY 

NO. 455,272, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

 On his first appeal of this case, in an unpublished opinion, appellant's conviction for
telephone harassment was affirmed in part and reversed and remanded in part. The trial court's judgment
was affirmed on the finding of guilt but because the punishment that had been assessed was not authorized
by law, the judgment was reversed as to punishment and the cause was remanded to the trial court for
reassessment of punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1998).

 After the judgment and mandate of this Court was issued directing the trial court to reassess
appellant's punishment, appellant filed in the trial court motions for new trial and in arrest of judgment. The
trial court heard the motions, but after the hearing refused to grant them. On this appeal from the judgment
reassessing punishment, appellant contends that the trial court erred in denying his motion for new trial
based on the "voluntariness" of his plea and in denying his motion in arrest of judgment.

 The judgment of appellant's guilt was affirmed and became final after his first appeal. The
cause was remanded for reassessment of punishment only, and the trial court was limited to reassessing
punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1998); Easton v. State, 920
S.W.2d 747, 750 (Tex. App.--Houston [1st Dist.] 1996, no pet.); Rische v. State, 834 S.W.2d 942, 948
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). "[T]he trial court was only empowered to proceed to
a new determination as to punishment and had no power to grant appellant a new trial on guilt-innocence." 
Robert Davila v. State, No. 4-96-297-CR, slip op. at 6 (Tex. App.--San Antonio, Dec. 31, 1997, no
pet. h.); Easton, 920 S.W.2d at 74.

 The matters appellant presented to the trial court and has raised on this appeal from the
judgment reassessing punishment were waived when appellant failed to raise these matters in his first
appeal. See Sanders v. State, 832 S.W.2d 719, 723 (Tex. App.--Austin 1992, no pet.).

 The trial court's judgment reassessing punishment is affirmed.

 

 Carl E. F. Dally, Justice

Before Chief Justice Yeakel, Justices Kidd and Dally*

Affirmed

Filed: May 7, 1998

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).

2