Danny Jo BRYAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–218CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 1, 1999.

Decided April 21, 1999.

R. Scott Shearer, Houston, for appellant.

John D. Kimbrough, County Attorney, Gary R. Bonneaux, Assistant County Attorney, Orange, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Danny Jo Bryan was indicted for the felony offense of involuntary manslaughter. The indictment alleged that on August 6, 1992, Danny Jo Bryan operated a motor vehicle while intoxicated, and did by reason of such intoxication cause the death of nine-year-old Casey Mays, by driving a motorcycle into a bicycle operated by Mays. A jury found Bryan guilty of the lesser included offense of criminally negligent homicide. Bryan was sentenced to one year of confinement in the Orange County Jail and a $1,500 fine. The court reporter's home was destroyed by fire June 11, 1996. In an opinion issued June 26, 1996, we held Bryan received ineffective assistance of counsel in the punish-

ment phase of the trial because counsel failed to file an election for the jury to assess punishment, reversed that portion of the judgment concerning Bryan's sentence, and remanded the cause for a new trial as to punishment only. The Court of Criminal Appeals refused the State's petition for discretionary review on December 18, 1996. Our mandate issued January 27, 1997. A new punishment proceeding was conducted, and the jury assessed punishment at confinement in the Orange County Jail for one year and a $2,000 fine. We shall address Bryan's two appellate issues in reverse order.

Issue two contends:

Pursuant to Tex.R.App. Proc. 50(e) and the amended version, Tex.R.App. Proc. 34.6(f), a new trial is required when, through no fault of the appellant, exhibits have been lost or destroyed. The exhibits in this case were destroyed in a fire at the court reporter's home and were unavailable for the remanded punishment hearing. Appellant then moved for a mistrial, which was denied. Was this error and, if not, is the appellant nevertheless entitled to a new trial because of an incomplete record?

■ Bryan contends he is entitled to reversal because he was deprived of a complete record on appeal. Bryan relies upon the version of the Rules of Appellate Procedure in effect before September 1, 1997, which provided:

When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

Tex.R.App. P. 50(e) (49 Tex. B.J. 345 (1986)) (current version at Tex.R.App. P. 34.5(e), 34.6(f)).

Bryan's issue presumes the record on appeal includes the record of the first appeal as well as the record of this appeal. We disagree. Two different appeals from two separate trials are involved. The Code of Criminal Procedure provides:

If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that *the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial* under Subsection (b), Section 2, Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.

Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.1999).

■ When an error affecting only the punishment phase of a trial mandates reversal of a judgment, a new trial occurs but guilt is not relitigated. The parties may introduce all of the evidence adduced in the guilt phase of the original trial, but they are not obligated to do so. If all or any part of the reporter's record of the first trial is introduced as an exhibit in the retrial, that exhibit is part of the appellate record in the new appeal. Any part of the reporter's record which is not submitted to the new factfinder is not part of the appellate record.

■ The relief Bryan sought in the trial court was a new trial on both guilt

and punishment. We remanded the cause for a new trial only on the issue of punishment. The scope of our remand may not be challenged on the appeal of the retrial of the issue of punishment. *Gonzales v. State,* 904 S.W.2d 175, 177 (Tex.App.—San Antonio 1995, pet. ref'd). The trial court, being empowered only to proceed to a new determination as to punishment, had no power to grant appellant a new trial on guilt. *Easton v. State,* 920 S.W.2d 747, 749 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *see also, Davila v. State,* 961 S.W.2d 610, 614 (Tex.App.—San Antonio 1997, no pet.).

Bryan does not identify what exhibits introduced into the record in the guilt-innocence portion of his trial were unavailable for use in the retrial of the punishment phase of the trial. That none of the exhibits were made a part of the record in Bryan's second trial is obvious and dispositive of the issue, which seeks relief only on former Texas Rule of Appellate Procedure 50(e), cases decided under that rule, and the current version of former Rule 50(e). Issue two is overruled.

Issue one urges:

The trial court allowed into evidence seven unadjudicated extraneous offenses. Extraneous offenses are not admissible in trials for offenses committed before September 1, 1993. Appellant's offense occurred in 1992. Was this error?

The evidence at issue falls into two categories: 1) evidence relating to Bryan's operation of the motorcycle shortly before the offense, including alcohol consumption, and 2) evidence Bryan asked an eyewitness to withhold evidence.

The State offered evidence that on the date of the offense Bryan had been drinking beer and "doing dirt donuts." Bryan had been "buzzing everything," and tried to hit one witness's dog. He was driving between 65 and 80 miles per hour. Bryan swerved within five or six feet of Mays and his sister as they rode their bicycles. Offi-

cer Mike Stelly testified he smelled alcohol on Bryan's breath when he questioned Bryan after the collision.

Jeffrey Moore was riding on the motorcycle with Bryan when Bryan struck and killed Casey Mays. Moore testified as a defense witness. On cross-examination, the State elicited testimony that before the first trial Bryan asked Moore not to mention the presence of another witness.

At a new trial on punishment under Article 44.29(b), the State may introduce evidence to show the circumstances of the offense and other evidence as permitted by Article 37.07, section 3. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999). Bryan filed an application for probation, thus bringing into issue specific instances of conduct that would aid the jury in assessing Bryan's suitability of probation. The evidence that Bryan was "doing donuts" and "buzzing" Casey and his sister before the offense occurred are "circumstances of the offense." Article 37.07, section 3(a) is not exhaustive in setting out the evidence admissible in the punishment phase. *Murphy v. State,* 777 S.W.2d 44, 64 (Tex.Crim. App.1988) (opinion on reh'g). The circumstances of the offense itself or of the defendant himself are admissible in punishment. *Miller–El v. State,* 782 S.W.2d 892, 895–96 (Tex.Crim.App.1990). Since the version of Article 37.07 that existed in 1992 applies, the evidence is inadmissible if it describes acts that are criminal offenses, provided those offenses are both unadjudicated and extraneous. *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992). Same transaction contextual evidence is admissible if it is necessary to impart an understanding of the context and circumstances of the offense. *Mayes v. State,* 816 S.W.2d 79, 86 (Tex.Crim.App.1991). "Circumstances of the offense which tend to prove the allegations of the indictment are not extraneous offenses." *Camacho v. State,* 864 S.W.2d 524, 532 (Tex.Crim.App. 1993) (citing *Ramirez v. State,* 815 S.W.2d 636, 643 (Tex.Crim.App.1991)).

■ The evidence of alcohol consumption and of the manner in which Bryan was driving shortly before the offense is circumstantial evidence of his state of mind at the time of the offense, not evidence of an offense extraneous to the offense alleged. The evidence the State described as disorderly conduct, driving while intoxicated, attempted aggravated assault, and terroristic threat, all describe the circumstances of the offense for which Bryan was convicted. A person acts with criminal negligence when he ought to be aware of a substantial and unjustifiable risk of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. TEX. PEN.CODE ANN. § 6.03(d) (Vernon 1994). The evidence that Bryan was consuming alcohol and driving in a manner that placed others at unreasonable risk is relevant to defendant's criminally negligent state of mind in committing that offense. This evidence relates to Bryan's moral blameworthiness for the criminally negligent homicide of Casey Mays, not some unrelated offense merely illustrating his propensity to commit criminal acts.

■ The evidence the State described as witness tampering was relevant as one of the "circumstances of the offense itself or ... the defendant himself." *Miller–El*, 782 S.W.2d at 896. Although it did not occur contemporaneously with the offense, this evidence is directly related to the offense for which Bryan was being punished because it illustrates for the jury Bryan's efforts to escape responsibility for the criminal conduct for which the jury was assessing punishment. Being evidence of an unadjudicated criminal offense, as punishment evidence it is inadmissible under Grunsfeld if it is extraneous to the offense for which Bryan is being punished. *Grunsfeld*, 843 S.W.2d at 523.

■ Evidence of attempts to suppress or fabricate evidence proves consciousness of guilt admissible in the guilt phase of the trial. *Torres v. State*, 794 S.W.2d 596, 598–99 (Tex.App.—Austin 1990, no pet.). Nevertheless, in cases decided under *Grunsfeld*, evidence which would have been admissible in the guilt phase of the trial is not ipso facto "tardily" admissible at the punishment phase. *Flores v. State*, 884 S.W.2d 784, 786–87 (Tex.Crim.App. 1994). *Flores* affirmed the intermediate court's holding that the trial court erred in admitting evidence demonstrating consciousness of guilt in the punishment phase. *Flores v. State*, 866 S.W.2d 682, 684–85 (Tex.App.—Houston [1st Dist.] 1993). This case is distinguishable from *Flores* in one crucial respect: Bryan appeals from a retrial on punishment only, pursuant to Article 44.29(b).

In 1992, Article 37.07, section 3, did not yet include "circumstances of the offense" language, but that language did appear in the version of 44.29(b) then in effect. Acts 1991, 72nd Leg., R.S., ch. 838, § 2, 1991 Tex. Gen. Laws 2898, 2900. "At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code." Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.1999). Article 44.29(b) recognizes more evidence is admissible in a retrial on punishment only than is normally admissible on punishment. If the Legislature did not intend the parties to be able to offer guilt-phase evidence in the new trial on punishment, the article would have directed the court to allow only that evidence permitted by Article 37.07, section 3. We hold evidence that would have been admissible in the guilt phase is admissible on punishment because the new trial was conducted pursuant to Article 44.29(b). Since the evidence of witness tampering would have been admissible in the guilt phase, the trial court did not abuse its discretion in allowing the State to cross-examine Moore on that subject. Issue one is over-

ruled. The judgment of the trial court is affirmed.

AFFIRMED.