Darron Tray Moss v. State











                                  
 



IN THE
TENTH COURT OF APPEALS
 

No. 10-98-001-CR

        DARRON TRAY MOSS,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 7047
                                                                                                                
 
OPINION ON REHEARING
                                                                                                                
 
          Moss was convicted of murder. His second issue on appeal complained of the court’s
failure to instruct the jury on the lesser included offense of criminally negligent homicide. 
Criminal negligence is a failure to perceive a substantial and unjustifiable risk. Tex. Pen. Code
Ann. § 6.03(d) (Vernon 1994). We focused on the second prong of the Rousseau test: whether
there was evidence Moss was guilty only of the lesser offense. See Rousseau v. State, 855 S.W.2d
666, 672-73 (Tex. Crim. App. 1993). We cited Reeves for the proposition that there must be
evidence directly germane to the lesser included offense. Reeves v. State, 969 S.W.2d 471, 487
(Tex. App.—Waco 1998, pet. ref’d).
          We held that although Moss testified that he did not intend to kill, that was no evidence that
he failed to perceive the risk. See Burnett v. State, 865 S.W.2d 223, 228-29 (Tex. App.—San
Antonio 1993, pet. ref’d). Further, we stated that intoxication is not a defense and does not negate
his culpable mental state. Tex. Pen. Code Ann. § 8.04 (Vernon 1994).
          On rehearing, Moss states that he never asserted that intoxication was a defense to the
charges. Id. § 2.03(d) (establishing a defense requires acquittal). He cites a Beaumont case for
the proposition that intoxication is relevant to a criminally negligent defendant’s state of mind. 
Bryan v. State, 990 S.W.2d 924, 928 (Tex. App.—Beaumont 1999, no pet. h.). The Bryan
holding is in the context of whether evidence of consumption of alcohol is an extraneous offense. 
The defendant was charged with involuntary manslaughter by driving while intoxicated and found
guilty of criminally negligent homicide. Id. at 925. The court held that evidence of his alcohol
consumption went to his state of mind and was not an extraneous offense. Id. at 928. Unlike
Bryan, intoxication was not a required element of the crime for which Moss was indicted. 
          Moss cites three Court of Criminal Appeals cases for the proposition that the lesser
included instruction of criminal negligence should have been given. Hunter v. State, 647 S.W.2d
657 (Tex. Crim. App. 1983); Montoya v. State, 744 S.W.2d 15 (Tex. Crim. App. 1987); Molitor
v. State, 862 S.W.2d 615 (Tex. Crim. App. 1993).


 He compares these cases to his
circumstances. In each case the defendant testified that he took certain actions (swung his arm and
aimed in a general direction; attempted to throw away a loaded gun; had armed himself, but was
knocked to the floor and did not remember pulling the trigger) but did not intend to kill or harm
the victim. 
          Here, Moss testified that he did not intend to hurt anyone, but he could not remember
anything about the events. Unlike the cases he cites, Moss gave no testimony about his actions
or that he failed to perceive the risk. 
          The motion for rehearing is denied.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Motion denied August 31, 1999
Do not publish