Affirmed and Opinion filed, July 25, 2002









Affirmed and Opinion filed, July
25, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01125-CR

____________

 

NANCY LYNN HORNELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 770,243

 



 

O P I N I O N








This is appellant’s second appeal of her conviction, after a guilty
plea, to the state jail felony offense of theft.  Tex.
Pen. Code Ann. ' 31.03.  This Court
remanded her original conviction for a new punishment hearing, holding that her
punishment was assessed under an inapplicable version of article 42.12 of the
Texas Code of Criminal Procedure. 
Appellant now appeals, complaining of the trial court’s denial of a) her
request to withdraw her original guilty plea, and b) her request for a second
Pre-Sentence Investigation (“PSI”) report.  
Finding no reversible error, we affirm.

Background facts

Appellant originally pled guilty to theft on June 5,
1998.  Punishment was to the court
without a recommendation by the State. 
The trial court rejected her request for probation and sentenced her to
eighteen months confinement in a state jail facility.  She appealed and this Court reversed, but
limited remand to a new punishment phase only. 
See Hornell v. State, No. 14-98-01082-CR, 2000 WL 991333
(Tex. App.CHouston [14th Dist.], July 20, 2000,
pet denied).  Thereafter, the Court of
Criminal Appeals denied her petition for discretionary review.

Back in the trial court, appellant moved to withdraw her
guilty plea, complaining of ineffective assistance of counsel, and moved for
the re-determination of punishment.  At
the hearing on these motions, the trial court denied appellant=s motion to withdraw her guilty plea
after hearing testimony.  Appellant then
made an oral request for a new PSI, which the trial court denied.  Thereafter, the trial court heard punishment
evidence.  He assessed her punishment at
two years probation, with various conditions, including 180 days confinement in
jail.  

Issues presented

Appellant presents three issues on appeal: 

1) the trial court abused its discretion in refusing to allow
appellant to withdraw her guilty plea, where the court was aware that previous
trial counsel had rendered ineffective assistance in his advice concerning the
appropriate punishment range that applied to the case, and appellant testified
that she would not have pleaded guilty if she had not been misled on such
subject; 

2) appellant’s conviction must be reversed and the case
remanded for a new trial because appellant=s guilty plea has been shown to be
involuntary; and








3) the trial court erred in refusing appellant=s request for a second PSI because
her case was remanded for a new punishment hearing nearly three years after the
first pre-sentence investigation had been completed. 




Withdrawal of Guilty Plea

We will address the first two issues together.  Appellant contends the trial court abused its
discretion in refusing to grant her motion that she be allowed to withdraw her
guilty plea because it was involuntary as a result of ineffective assistance of
counsel.

In this Court’s earlier unpublished opinion we reversed the
judgment of the trial court and remanded the case for a new punishment hearing
only. The mandate issued therein stated: “The cause is therefore REVERSED and
REMANDED for a new trial as to punishment. 
The trial court shall commence the new trial as if a finding of guilt
had been returned and proceed to the punishment stage of the trial.  We AFFIRM the remainder of the judgment.”  As a result, appellant=s conviction was affirmed and final
after petition for discretionary review was denied.  Tex.
Code Crim. Proc. Ann. Art. 44.29 (b) (Vernon Supp. 2002); Jones v.
State, 711 S.W.2d 634, 636 (Tex. Crim. App.1986); Carter v. State,
510 S.W.2d 323, 324 (Tex. Crim. App.1974). 








When a court of appeals remands a case for a new trial as to
punishment, it essentially affirms the conviction on guilt/innocence and
reverses the assessment of punishment.  Lopez
v. State, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000); Easton
v. State, 920 S.W.2d 747, 749 (Tex. App.CHouston [1st Dist.] 1996, no
pet).  In cases where a defendant enters
a plea of guilty or nolo contendere without the benefit of a plea bargain
agreement, a court of appeals may remand the case simply for a new hearing on
punishment if it finds trial court error solely in regard to the assessment of
punishment.  See Boone v. State,
60 S.W.3d 231, 235 (Tex. App.CHouston [14th Dist.] 2001, pet. ref’d) (citing Levy v.
State, 818 S.W.2d 801, 802‑803 (Tex. Crim. App.1991); Ludwick v.
State, 931 S.W.2d 752, 755 (Tex. App.CFort Worth 1996, no pet.)).  In such a case, the trial court’s
jurisdiction on remand is limited to issues concerning the punishment
phase.  Lopez, 18 S.W.3d at
639-40.  See Tex. Code Crim. Proc. Ann. Art.  44.29(b); Easton, 920 S.W.2d at 748; Rische
v. State, 834 S.W.2d 942, 948 (Tex. App.CHouston [1st Dist.] 1992, pet. ref’d).

It is axiomatic that a motion to withdraw a guilty plea is a
matter involved in the guilt/innocence stage of a trial.  See Jolivet v. State, 811
S.W.2d 706, 709 (Tex. App.CDallas 1991), aff’d, 846 S.W.2d 847 (Tex. Crim. App.
1993) (guilty plea governs guilt/innocence phase of trial; it has no bearing on
punishment phase of trial); Boone v. State, 60 S.W.3d 231, 235-36 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref’d)
(not error to refuse to proceed with jury trial to determine guilt or innocence
or deny motion to enter plea of not guilty in case remanded for another
punishment hearing).  At the second
punishment hearing in this case, the trial court no longer had jurisdiction
over the guilt/innocence stage of the trial, including jurisdiction to consider
defendant’s motion to withdraw a guilty plea. 
Tex. Code Crim. Proc. Ann.
Art. 44.29(b); Tex. R. App. P.
43.2; Davila v. State, 961 S.W.2d 610, 613-14 (Tex. App.CSan Antonio 1997, no pet.).  The trial court was empowered only to proceed
to a new determination as to punishment; it had no jurisdiction to entertain
the motion to withdraw the guilty plea. 
Appellant’s first and second issues are overruled.

Request for New Pre-sentence Investigation

Appellant complains it was error for the court to deny her a
second PSI report because her second punishment hearing was nearly three years
after the date of the original PSI report. 
During that time, she argues, her circumstances had dramatically changed
and she was entitled to have the court consider her changed circumstances. 

Appellant’s original punishment hearing was on August 21,
1998.  The second punishment hearing was
on April 24, 2001.

Tex. Code Crim. Proc. Ann. Art. 42.12 ' 9(a) provides as follows:








Except as provided by Subsection (g) of this section,
before the imposition of sentence by a judge in a felony case ... the judge
shall direct a supervision officer to report to the judge in writing on the
circumstances of the offense with which the defendant is charged, the amount of
restitution necessary to adequately compensate a victim of the offense, the
criminal and social history of the defendant, and any other information
relating to the defendant or the offense requested by the judge.  It is not necessary that the report contain a
sentencing recommendation, but the report must contain a proposed client
supervision plan describing programs and sanctions that the community
supervision and corrections department would provide the defendant if the judge
suspended the imposition of the sentence or granted deferred adjudication.  

Tex. Code
Crim. Proc. Ann. Art. 42.12, ' 9(g) provides:

Unless requested by the defendant, a judge is not
required to direct an officer to prepare a presentence report in a felony case
under this section if: (1) punishment is to be assessed by a jury; (2) the
defendant is convicted of or enters a plea of guilty or nolo contendere to
capital murder; (3) the only available punishment is imprisonment; or (4) the
judge is informed that a plea bargain agreement exists, under which the
defendant agrees to a punishment of imprisonment, and the judge intends to
follow the agreement.

In Whitelaw v. State, 29 S.W.3d 129 (Tex. Crim. App.
2000), the Texas Court of Criminal Appeals unanimously held that upon a
defendant=s timely request, the trial court
must order preparation of a PSI report in a felony case.  Id. at 134.  In so holding, the court disapproved of cases
holding that the trial court has discretion in such cases to order preparation
of a PSI report.  Id.
(disapproving of Stancliff v. State, 852 S.W.2d 639, 640 (Tex. App.CHouston [14th Dist.] 1993, pet. ref’d),
and Turcio v. State, 791 S.W.2d 188, 191 (Tex. App.CHouston [14th Dist.] 1990, pet. ref’d)).  As the language of Article 42.12, section
9(a) provides, and Whitelaw makes clear, the general rule is that the
trial court must order a PSI report unless the exceptions in section 9(g)
apply.  Tex.
Code Crim. Proc. Ann. Art. 42.12 ' 9. 
Even then, if the defendant requests a PSI report, the trial court must
order that one be prepared.  Whitelaw
v. State, 29 S.W.3d at 132.  Clearly,
the defendant was entitled to a PSI in this case, and without question, she had
a PSI report.  We next consider whether
the failure to grant appellant a second PSI is error and, if so, whether she
was harmed by such error.








Error in failing to order the preparation of a PSI report is
subject to a review for harm. See Whitelaw, 29 S.W.3d at 132; Yarborough
v. State, 57 S.W.3d 611, 618-19 (Tex. App.CTexarkana 2001, pet. ref’d).  Nonconstitutional error is harmless if it
does not affect the defendant’s substantial rights.   Tex.
R. App. P. 44.2(b).  In assessing
the impact such an error may have had on the punishment decision, we consider
the entire record, the nature of the evidence supporting the punishment
decision, the character of the error, and how it might be considered in
connection with other evidence in the case. 
See Yarborough, 57 S.W.3d at 619 (citing Morales v. State,
32 S.W.3d 862, 867 (Tex. Crim. App. 
2000)). 

We find it was not error to refuse Hornell a second PSI
report.  There is no showing Hornell=s substantial rights were harmed by
the trial court’s failure to do so. 
Hornell did not request a second PSI until after the commencement of her
second punishment hearing.  She made no
objection to the trial court=s decision to proceed with the punishment hearing, rather
than order the preparation of a second PSI. 
She made no objection or assertion that she was prevented from
presenting any additional information or witnesses.  To the contrary, the record shows Hornell had
a full punishment hearing at which she availed herself of the opportunity to
introduce evidence.  She herself
testified about changes in her circumstances. 
Concerning developments since the original PSI, she testified about the
condition of her children, her stable job situation, and salary as well as her
successful completion of deferred adjudication for bank embezzlement and felony
theft years before.  The trial court did
not exclude any evidence she offered. 
The testimony also indicated that Hornell had not made any restitution
in the nearly three years since her conviction and previously had five theft by
check cases for which she paid fines.  On
appeal, Hornell does not point to or demonstrate there was any information
unavailable to the trial court that would have been included in a second
PSI.  








As mentioned previously, a PSI report contains information
about the circumstances of the offense, the amount of restitution necessary,
the criminal and social history of the defendant, any other information
relating to the defendant or the offense that is requested by the judge, and a
proposed client supervision plan describing programs and sanctions that the
community supervision and corrections department would provide the defendant if
the judge suspended the imposition of the sentence or granted deferred
adjudication.  Tex. Code Crim. Proc. Ann. Art. 42.12, ' 9(a).  After her first punishment hearing, appellant
was sentenced to confinement in a state jail for eighteen months.  After her second punishment hearing, the
judge suspended her sentence and admitted her to probation for two years, with
various conditions including only 180 days in jail.  Under these circumstances, we conclude that
the trial court’s failure to order the preparation of a second PSI report had
no effect on the punishment assessed and was not error.  We overrule the third issue.

The judgment is affirmed.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Opinion filed July 25, 2002.

Panel consists of
Justices Hudson, Fowler, and Duggan.*

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 

 

 

 

 

 

 

 

 

*  The Honorable Lee Duggan, Jr., Retired
Justice, Court of Appeals, First District of Texas at Houston, participating by
assignment.