**Michael JOLIVET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 877–91, 878–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 6, 1993.

Rehearing Denied Feb. 17, 1993.

William T. Hughey, Dallas, for appellant.

John Vance, Dist. Atty. & Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted in a single trial of the offenses of aggravated robbery and aggravated sexual assault and the jury assessed punishment at a life sentence and a fine of $10,000 for each offense. The Dallas Court of Appeals reversed and remanded the cause for a new trial. *Jolivet v. State*, 811 S.W.2d 706 (Tex.App.—Dallas 1991). We granted the State's petition for discretionary review to determine whether unadjudicated acts of misconduct are admissible at the punishment phase of a noncapital trial after the 1989 amendment to Article 37.07, § (3)(a), V.A.C.C.P.

Following appellant's pleas of guilty before the jury, the trial court admitted testimony of five witnesses who testified that appellant had committed similar offenses upon them two months after the subject offense. At the time of trial, appellant had not been convicted for any of these offenses. The court of appeals, citing its earlier decision in *Grunsfeld v. State*, 813 S.W.2d 158 (Tex.App.—Dallas 1991), held that the trial court erred in admitting these unadjudicated extraneous acts allegedly committed by appellant.

In its brief, the State disagrees with the court of appeal's majority in *Grunsfeld* and argues that extraneous conduct evidence is admissible under the 1989 amendment to 37.07, § (3)(a), supra. In the time since we granted the State's petition, we have handed down our decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Cr.App. delivered October 28, 1992, rehearing denied December 9, 1992) affirming that decision. The opinion of the court of appeals in this cause is consistent with the plurality opinion of this Court in *Grunsfeld*. We therefore affirm the judgment of the court of appeals.