Robert DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00297–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1997.

Juan Martinez Gonzales, Law Office of Juan Martinez Gonzales, Beeville, for Appellant.

Joe Frank Garza, District Attorney, Alice, for Appellee.

Before RICKHOFF, DUNCAN and JOHN F. ONION, Jr.,[1] JJ.

## OPINION

JOHN F. ONION, Jr., Justice (Assigned).

This limited appeal is taken from the reassessment of punishment by the trial court in a felony case following the order and mandate of the Court of Criminal Appeals.

The conviction was for the delivery of a controlled substance, to-wit: cocaine in an amount less than 28 grams on April 20, 1994. Following appellant's plea of guilty before the trial court, punishment was assessed at 45 years' imprisonment and a fine of $20,000. No notice of appeal was given. The Court of Criminal Appeals granted relief in part in response to appellant's second pro sepost-conviction writ of habeas corpus. It found that the fine assessed exceeded the statutory maximum for a first-degree felony and remanded the cause for reassessment of punishment. Upon remand, the trial court reassessed punishment at 75 years' imprisonment and reimposed the $20,000 fine. Notice of appeal was given.

### POINTS OF ERROR

With this background, we turn to the nine points of error advanced by appellant.

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

Appellant claims that he was deprived of a jury trial following the remand, that the double jeopardy clauses of the federal and state constitutions were violated, that his due process rights were violated by his imposition of the 75 years' imprisonment when the record does not contain objective information concerning identifiable conduct on appellant's part occurring after the time of the original sentence, that the original guilty plea was not voluntarily, knowingly, and intelligently made, and that since the statement of facts of the original penalty stage had been lost, appellant was entitled to "a complete new trial." The last two points were submitted in a supplemental brief, but we shall consider the same.[2] Appellant further urges that punishment was improperly reassessed in the absence of a new indictment and in view of the lost portion of the statement of facts he is unable to show that his attorney informed him of a plea bargain involving probation and he is entitled to an entirely new trial.

### Facts

The instant appeal presents a unique factual situation, a procedural quagmire. On June 2, 1994, appellant was indicted for delivery, on April 20, 1994, of cocaine by actual transfer to Ysidro Ramos in an amount less than 28 grams. On September 6, 1994, the 54 year old appellant, represented by appointed counsel, waived trial by jury and entered a plea of guilty to the indictment. Evidence was offered to support appellant's plea entered without a plea bargain. A presentence report was ordered.

For whatever reason, the process was repeated on October 21, 1994. Appellant again waived trial by jury, entered a guilty plea without a plea bargain, was duly admonished, and evidence was offered to support the plea. The evidence showed that on April 20, 1994, Ysidro Ramos and another undercover officer went to appellant's house seeking to purchase cocaine. The officers gave appellant $20 who directed the officers to meet him later at the A. & S. Auto Repair Shop. There, appellant delivered a plastic bag containing a substance to the officers. The chemist's report showed the substance to be cocaine with a weight of 0.08 grams. A presentence report was again ordered.

On November 1, 1994, the trial court assessed appellant's punishment at 45 years' imprisonment and a fine of $20,000. Sentence was imposed on the same date an unsworn[3] motion for new trial was filed alleging, inter alia, deprivation of a fair trial because of the extreme penalty imposed. On November 23, 1994, the trial court entered a written order granting the motion for new trial "on the issue of punishment only."[4] Adding to the strangeness of the procedure, the trial court on February 1, 1995, entered a written order denying the motion for new trial following an evidentiary hearing on that date.[5] No mention of the earlier ruling was included. No notice of appeal was given and the conviction became final.

On March 16, 1995, appellant filed his first pro se post-conviction application for writ of habeas corpus alleging ineffective assistance of trial counsel. On June 7, 1995, the Court of Criminal Appeals denied without written order the habeas application. On August 23, 1995, appellant filed his second pro se post-conviction application for writ of habeas corpus in the trial court. The State made no response. The trial court took no action and, as with the first application, the record was

---

**2.** Points of error raised for the first time in a supplemental brief are not normally considered to be properly presented. *Rochelle v. State,* 791 S.W.2d 121, 124 (Tex.Crim.App.1990); *Skillern v. State,* 890 S.W.2d 849, 882 (Tex.App.—Austin 1994, pet. ref'd). The decision to consider new matters is left to the sound discretion of the Court. *Riley v. State,* 825 S.W.2d 699, 700 (Tex. Crim.App.1992).

**3.** Case law requires that a motion for new trial be verified or supported by affidavit. *Connor v. State,* 877 S.W.2d 325, 327 n. 3 (Tex.Crim.App. 1994).

**4.** A trial court cannot grant a new trial as to punishment only. Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.1997); *State v. Hight,* 907 S.W.2d 845, 847 (Tex.Crim.App.1995); *State v. Bates,* 889 S.W.2d 306, 310–11 (Tex.Crim.App. 1994).

**5.** If the earlier ruling on the motion for new trial was a nullity and was disregarded, the motion for new trial was overruled by operation of law before February 1, 1995.

forwarded to the Court of Criminal Appeals. In his application appellant alleged, inter alia, that there had been no plea bargain, that he had been convicted of a third-degree felony, and that the punishment assessed was beyond the range of penalties for such a felony.

On November 15, 1995, the Court of Criminal Appeals issued a one-page per curiam opinion in cause no. 72,222 granting relief in part. The court recognized the core contention as being that "the punishment assessed exceeds the statutory maximum" and found that the fine of $20,000 exceeded the statutory fine of $10,000 permitted by the Penal Code for first-degree felonies. The cause was remanded to the trial court for reassessment of punishment. On December 1, 1995, apparently without any motion for rehearing by the State being filed, the mandate of the Court of Criminal Appeals was issued.

On April 15, 1996, appellant and his newly appointed counsel appeared before the trial court who announced that the purpose of the hearing was to reassess punishment as required by the Court of Criminal Appeals. Appellant's counsel agreed that the original plea of guilty had been an "open" plea, but orally stated to the trial court that appellant wanted a new trial, to plead not guilty, and to have a jury trial. The trial court overruled what it considered a motion for new trial. Appellant's counsel then announced "ready" for hearing on punishment. The trial court admonished appellant that the proper range of punishment for the offense at the time it was committed was life, a term of years not less than 5 years nor more than 99 years' imprisonment, and in addition, a fine not to exceed $20,000 as provided by "section 481.106 of the Health and Safety Code." Appellant indicated that he understood the range of punishment. At the hearing on punishment, the State, without objection, reoffered the original evidence on the guilty plea of October 21, 1994. Thereafter, the trial court assessed appellant's punishment at 75 years' imprisonment and a fine of $20,000.

Sentence was imposed and notice of appeal was given.

Subsequently, because of appellant's difficulties in obtaining the various statements of facts, this Court abated the appeal on October 8, 1996, and ordered the trial court to hold a hearing to determine if the statements of facts could be transcribed, and if so, the earlier date they could be submitted. On October 21, 1996, the trial court conducted a hearing.[6] On November 1, 1996, the appeal was reinstated after receipt of all statements of facts save one.

### Denial of Jury Trial on Remand

 In his first point of error, appellant contends that the trial court erred in denying him a jury trial as guaranteed by Article I, section 10 of the Texas Constitution and article 37.07. TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon 1981 & Supp.1997). The main thrust of appellant's argument is that upon remand he was entitled to a new trial, to enter a plea of not guilty, and to have a jury trial. The opinion of the Court of Criminal Appeals concluded "The Judgment in Cause number 94–06–8680 in the 79th District Court of Jim Wells County is set aside and applicant is remanded to the trial court for a new assessment of punishment." While the conclusion is not artfully worded[7] and no authorities are cited, it is in accord with recent case law.

In cases where a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain agreement with the State and the trial court assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilty to remain and to remand the case to the trial court for the proper assessment of punishment.

*Levy v. State,* 818 S.W.2d 801, 803 (Tex.Crim. App.1991); *see also Ludwick v. State,* 931 S.W.2d 752, 755 (Tex.App.—Fort Worth 1996, no pet.); *State v. Rowan,* 927 S.W.2d 116, 118 (Tex.App.—Houston [1st Dist.], no

---

6. During the course of the hearing, the trial court explained to appellant's counsel that the Court of Criminal Appeals had "dropped the ball" as to the law regarding proper punishment.

7. Normally, it is expressly stated that the finding of guilt is to remain and it is usually the cause that is remanded, not the applicant.

pet.).[8] This means that the trial court is to proceed directly to the assessment of punishment and, in effect, to redo only that part or phase of the first trial. *Cf.* 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 43.371 at 311 (Texas Practice 1995). In the instant case, the trial court was only empowered to proceed to a new determination as to punishment and had no power to grant appellant a new trial on guilt-innocence. *Easton v. State,* 920 S.W.2d 747, 749 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

■ The trial court was not authorized to grant appellant a new trial even if appellant's motion had been in proper form. The finding of guilt was allowed to remain. Appellant was not entitled to trial by jury on the issue of punishment following remand having earlier waived his constitutional and statutory right. Moreover, a defendant in a criminal case has no constitutional right to have a jury assess punishment. *Prater v. State,* 903 S.W.2d 57, 60 (Tex.App.—Fort Worth 1995, no pet.) (citing *Allen v. State,* 552 S.W.2d 843, 847 (Tex.Crim.App.1977)). The first point of error is overruled.

In points of error two, three, and four, appellant claims that the prohibitions against double jeopardy contained in the federal and state constitutions were violated because the imposition of the 75 years' imprisonment and a $20,000 fine were barred by the earlier assessment of punishment of the 45 years imprisonment and a $20,000 fine. *See* U.S. CONST. AMENDS V & XIV; TEX. CONST. art. I, § 14; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.10 (Vernon 1977).

■ The federal double jeopardy clause protects against three distinct abuses: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Illinois*

*v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264–65, 65 L.Ed.2d 228 (1980); *Stephens v. State,* 806 S.W.2d 812, 816 (Tex.Crim.App. 1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991). The federal and state constitutional versions of the double jeopardy clauses provide essentially identical protections. *Ex parte Busby,* 921 S.W.2d 389, 392 (Tex.App.—Austin 1996, pet. ref'd). *Cf. Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996). Appellant relies upon the guarantee against multiple punishments for the same offense. His reliance is misplaced. There are not outstanding multiple punishments for the same offense involved in the instant case. The earlier punishment of 45 years' imprisonment and a $20,000 fine was set aside by the order of the Court of Criminal Appeals prior to the imposition of the 75 years' imprisonment and a $20,000 fine by the trial court. This later punishment has even now been set aside by this Court. There has been no violation of the double jeopardy provisions relating to multiple punishments for the same offense. Points of error two, three, and four are overruled.

## The Increase in Punishment
### (a) Reimposition of $20,000 Fine

■ In the fifth point of error, appellant claims a violation of his constitutional due process rights as a result of the trial court's action in increasing punishment from 45 years' to 75 years' imprisonment without an affirmative record to support the increased penalty. The fifth point does not expressly address the validity of the reimposition of the $20,000 fine but since it is part and parcel of the overall penalty,[9] we shall discuss it along with the prison time assessed.

When the Court of Criminal Appeals granted relief in part based on appellant's second pro se writ of habeas corpus it stated:

At the time applicant committed the offense, Texas law provided as it does now,

8. All three of the cited cases involved pleas of guilty before the trial court not unlike the instant case where the proceedings were bifurcated without objection resulting in a separate punishment stage of the trial. *Cf.* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1997).

9. The validity of the $20,000 fine is referred to only obliquely in other points of error.

that a person convicted of delivery of between 4 and 200 grams of cocaine is guilty of a first degree felony. VTCA Health & Safety Code § 481.112(c). The punishment range for a first-degree felony was, and still is 5 to 99 years or life in prison and a fine not to exceed $10,000. VTCA Penal Code § 12.32. Therefore, applicant's fine exceeds the statutory maximum and is unlawful.

Relief is granted. The judgment in cause number 94–06–8680 in the 79th District Court of Jim Wells County is set aside and applicant is remanded to the trial court for a new assessment of punishment.

In so holding, the Court of Criminal Appeals was clearly wrong. However, no motion for rehearing was filed and the Court's mandate was issued and the decision has become final.

The date of the offense was April 20, 1994. On that date the applicable law provided:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

(b) An offense under Subsection (a) is a felony of the first degree if the amount of controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than 28 grams.

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code § 481.112 since amended).[10]

Cocaine was at the time of the instant offense and is now a controlled substance within Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(2) (Vernon 1992).

At the time of the instant offense, section 481.106 of the TEXAS HEALTH & SAFETY CODE provided:

(a) an individual adjudged guilty of a felony of the first degree under this subchapter shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5.

(b) In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $20,000.

Act of May 18, 1989, 71st Leg. R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2933 (TEX. HEALTH & SAFETY CODE ANN. § 481.106, since repealed, Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.07, 1993 Tex. Gen. Laws 3586, 3714, effective Sept.1, 1994).

▮ Section 481.112 and 481.106 of the Health and Safety Code quoted above were in effect on April 20, 1994, the date of the instant offense. The indictment alleged delivery of cocaine in an amount of less than 28 grams as then provided in section 481.112 and the $20,000 fine originally assessed was within the provisions of section 481.106. At the time, section 481.106 was a special law as to punishment found within the Health and Safety Code as opposed to the general law as to a first-degree felony found in the Penal Code at the time. Act of May 25, 1979, 66th Leg., R.S., ch. 488, 1979 Tex. Gen. Laws 1058 (TEX. PENAL CODE ANN. § 12.32, since amended without change). See TEX. PENAL CODE ANN. § 12.32 (Vernon 1994). The general rule is that the specific statute controls over the general statute. *Garza v. State,* 687 S.W.2d 325, 330 (Tex.Crim.App.1985). Both statutes provided for the same punishment except that section 481.106 provided for a fine not to exceed $20,000 and the provision of the Penal Code permitted only a fine not to exceed $10,000. Since there was a irreconcilable conflict as to the possible fine, the special provision of section 481.106 prevailed. *See Cantu v. State,* 842 S.W.2d 667, 685, n. 13 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993);

---

**10.** *See now* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon Supp.1997) (Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705) (effective Sept. 1, 1994). Subsection (d) provides: "An offense under Subsection (a) is a felony of the first de- gree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants and dilutants, four grams or more but less than 200 grams." This is the subsection to which the Court of Criminal Appeals referred to in error as § 481.112(c).

see also *Huynh v. State*, 901 S.W.2d 480, 483 (Tex.Crim.App.1995).

The trial court was within its authority in originally assessing a $20,000 fine and the Court of Criminal Appeals was in error in relying upon the Penal code provision as to punishment and wrong in considering the amended version of section 481.112 of the Health & Safety Code as being applicable to the instant offense. The judgment of the Court of Criminal Appeals is final and this Court is without authority to modify or set aside that judgment. Nevertheless, we conclude that the trial court in reassessing punishment as instructed, did not err in reimposing the $20,000 fine in accordance with the statutes applicable to the offense at the time it occurred.

### Increase in Punishment

(b) 75 years' sentence.

The assessment of the penalty of 75 years' imprisonment at the time of resentencing presents another matter. Due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the assessment of punishment or sentence he receives after the new trial or proceedings. *See North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969); *Wiltz v. State*, 863 S.W.2d 463, 464 (Tex.Crim.App.1993); *Tillman v. State*, 919 S.W.2d 836, 839 (Tex. App.—Fort Worth 1996, pet. ref'd). If a judge increases a defendant's sentence after a new trial, the reasons for the increase must affirmatively appear on the record. *Alabama v. Smith*, 490 U.S. 794, 798, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). The reasons must be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* Absent reasons affirmatively appearing on the record, a presumption of vindictiveness arises. *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2488–89, 73 L.Ed.2d 74 (1982); *Wiltz*, 863 S.W.2d at 464.[11]

The instant record contains no valid affirmative reasons for the increase of punishment which would rebut the presumption of vindictiveness. In fact the contrary appears. At the hearing ordered by this court to determine whether the statements of fact from the original proceedings could be transcribed, the trial court explained to appellant's counsel why the punishment was increased. The court stated:

I asked him [appellant] where he was getting his drugs from and he refused to tell me. Consequently, I sentenced him to forty-five years in the penitentiary and a twenty thousand dollar fine. When your client came back in April of this year on the fifteenth for resentencing I again asked him, after he had already been to the penitentiary whether or not he had any information that he wished to provide to me at that time. He refused to give me any information on the sources of his drug dealings. And so I felt it very appropriate in view of the fact that he hadn't apparently rehabilitated or expressed any remorse for his drug dealings that a seventy-five year sentence was now appropriate instead of forty-five and I assessed a twenty-thousand fine. In retrospect maybe I should have given him ninety-nine years instead of seventy-five unless he had a change of heart.[12]

In the instant case the same trial judge presided at the first trial and at the resentencing. We conclude that the reason stated for the increased punishment was not a valid one based on objective information concerning identifiable conduct on the part of appellant occurring after the time of the original

---

11. Exceptions to the presumption of vindictiveness are discussed in *Wiltz*, 863 S.W.2d at 464, but none are applicable here. In cases where the presumption of vindictiveness does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 978–79, 89 L.Ed.2d 104 (1986).

12. After the hearing on the availability of the statements of facts, the trial court filed findings of fact and conclusions of law in which it found that at time of appellant's first conviction there had been no plea bargain, that it was not the court's policy to permit plea bargains in delivery of controlled substance cases, and that appellant had refused to reveal the source of his drugs.

sentence as contemplated by the case law. The presumption of vindictiveness was not overcome. Even if it could be argued otherwise, the record supports actual vindictiveness. The fifth point of error is sustained. The cause is remanded to the trial court for a new assessment of punishment before a different trial judge assigned by the presiding judge of the Administrative Region.

### An Issue Not Reviewable

█ In point of error six, it is urged that "[a]ppellant's open pleas of guilty were not voluntarily and knowingly made on 9/6/94 and 10/21/94." As noted earlier, appellant's guilty plea entered on September 6, 1994, was never acted upon by the trial court. The guilty plea process was commenced anew on October 21, 1994, and appellant's original conviction was based on this latter plea. Based on the Court of Criminal Appeals' order the trial court was only empowered to proceed to a new determination as to punishment. *Easton,* 920 S.W.2d at 749. An appellant may not assert any error that occurred during the guilt-innocence phase of the trial when he is appealing from the retrial of only the punishment phase. *Id.; Rische v. State,* 834 S.W.2d 942, 948 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd); *Sanders v. State,* 832 S.W.2d 719, 723–24 (Tex.App.— Austin 1992, no pet.) And this court is limited to reviewing errors that allegedly occurred during the punishment retrial. *Easton,* 920 S.W.2d at 750. The determination of appellant's guilt has become final. Hence, the propr remedy for appellant is to file post-conviction writ of habeas corpus. *Id.* Point of error six is overruled.[13]

### Lost Record

█ In his seventh point of error, appellant claims that he is entitled to "a complete new trial" under Rule 50(e) of the Texas Rules of Appellate Procedure since the statement of facts from the punishment phase of November 1, 1994, had been lost. He contends that when an appellant is deprived of a portion of the statement of facts, he is entitled to a new trial without regard to harm. *See Dunn v. State,* 733 S.W.2d 212, 214 (Tex. Crim.App.1987); *Dean v. State,* 900 S.W.2d 367, 369 (Tex.App.—Texarkana 1995), *pet. improvidently granted,* 928 S.W.2d 567 (Tex. Crim.App.1996). No notice of appeal was given from appellant's original conviction. No request was made for the statement of facts and the conviction became final. The instant appeal is limited to a review of the reassessment of punishment. *Easton,* 920 S.W.2d at 750. Appellant is not being deprived of a statement of facts relevant to the instant appeal.

Moreover, on August 15, 1997, the Court of Criminal Appeals, adopted an order giving final approval to the Texas Rules of Appellate Procedure, effective September 1, 1997. The order provides: that the new rules are to be applied to pending appeals on its effective date "except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice in which case the procedure may be followed:" New Rule 34.6(f) replaces the second sentence of old Rule 50(e) upon which appellant relies, but it affords him no relief.[14]

---

13. After the retrial on punishment, appellant filed an affidavit to be placed in record in an attempt to raise a question about the voluntariness of his guilty plea which the record otherwise shows to have been voluntarily made. The affidavit cannot be considered. *See Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981); *Miranda v. State,* 813 S.W.2d 724, 738 (Tex. App.—San Antonio 1991, pet. ref'd).

14. Rule 34.6(f) provides:
 (f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:
 (1) if the appellant has timely a reporter's record;

(2) if, without the appellant's fault; a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
(3) if the lost; destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit is necessary to the appeal's resolution; and
(4) if the parties cannot agree on a complete reporter's record.
Tex.R.App. P. 34.6(f).

**618**

### A Need for a New Indictment?

In point of error eight, raised in the supplemental brief, appellant contends that his due process rights were violated because without a new indictment he was resentenced under section 481.106 of the Health & Safety Code whereas he was originally sentenced under section 481.112 of the Health & Safety Code.

Appellant relies upon the difference in the recitation in the formal judgments. The earlier judgment of November 1, 1994, referred only to "article (sic) 481.112" while the latter judgment of April 15, 1996 referred to both "article (sic) 481.112" and "Section 481.106 Texas Health and Safety Code." This has all been explained earlier. Section 481.112 defined the offense of which appellant was charged and convicted, and section 481.106 was the specialized punishment statute in effect at the time and applicable to the offense defined in section 481.112. There were not two different statutes defining two separate offenses. While the recitations in the judgments might serve to temporarily confuse, and examination of the statutes involved easily removes any cloud of doubt. Appellant's contention is without merit.

### Another Involuntariness Claim

 Lastly, appellant contends that "before the guilty plea papers were signed" his attorney informed him that there was a plea agreement for probation but that he had to enter an "open" guilty plea before the court in order to get probation. He argues that because the State did not honor the plea agreement his guilty plea was involuntary. A similar contention was advanced in the sixth point of error. Akin to his complaint in point of error seven, appellant also urges that he cannot prove "this" because the statement of facts of November 1, 1994, relating to his original sentencing are missing and lost.

 It is clear that appellant is seeking a complete new trial by claiming a plea bargain agreement. In plea bargain situations where specific performance is not an alternative, the only remedy is to order the plea withdrawn and to return the parties to their original positions. *Heath v. State,* 817 S.W.2d 335, 340 (Tex.Crim.App.1991); *Tate v. State,* 921 S.W.2d 496, 497 (Tex.App.—Waco 1996, no pet.). Our discussion under points of error six and seven is here pertinent. Since this court is limited to reviewing error that allegedly occurred during the punishment retrial, the proper remedy for appellant is a post-conviction writ of habeas corpus. *Easton,* 920 S.W.2d at 750. The missing statement of facts is not relevant to the instant appeal. The ninth point of error is overruled.

### Conclusion

For the reasons stated in the fifth point of error, the judgment of the trial court reassessing punishment is reversed and the cause remanded for another judge to assess punishment.