In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00132-CR
______________________________


CHRISTOPHER D. HARRIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30270-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

          Christopher D. Harris was charged with aggravated robbery and assault on a peace
officer.


 At his first trial, a jury found Harris guilty of two counts involving the aggravated
robbery and not guilty of aggravated assault on a peace officer. Because a reporter's
record could not be obtained, we reversed the case and remanded it for a new trial.


 On
retrial, Harris was convicted of aggravated robbery. His punishment, enhanced with two
prior convictions, was set at fifty years' imprisonment. We affirm Harris' conviction and
sentence because (1) no error was preserved regarding Harris' motion to suppress his
statement, (2) there was no error in failing to remove Harris' counsel, (3) no ineffective
assistance of counsel was shown, and (4) granting a new trial was not error.
(1)      No Error Was Preserved Regarding Harris' Motion To Suppress His Statement
          We first address the denial of Harris' motion to suppress. The record reflects the
court held no separate hearing, but instead consulted the docket information for the
companion case involving the allegation of assault on a public servant—which showed that
a hearing was held concerning whether the statement should be suppressed and that the
motion to suppress in that case had been denied. The trial court adopted that ruling.



          It is clear trial counsel did not complain about the procedure followed or about the
trial court's action taking judicial notice of that ruling and incorporating it into the present
case. The only objection raised was counsel's statement that his client claimed the
signature on the statement was not his, and therefore objected to its introduction. That
objection was overruled.
          On appeal, Harris argues the trial court erred by denying the motion to suppress
without conducting a hearing and without making a record to show the reasons for such
a denial rather than a simple recitation that another court had overruled a motion to
suppress the same document in a different case. None of those complaints were raised
at trial.
          To preserve a claim of error for appeal, a defendant must (1) object, (2) state the
grounds with sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App. P. 33.1;
see Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The objection must be
made at the earliest possible opportunity. Marini v. State, 593 S.W.2d 709, 714 (Tex.
Crim. App. [Panel Op.] 1980). The complaining party must obtain an adverse ruling from
the trial court. DeRusse v. State, 579 S.W.2d 224, 235 (Tex. Crim. App. [Panel Op.]
1979). Finally, the point of error on appeal must correspond to the objection made at trial. 
Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).
          In this case, none of these requirements was met. We therefore cannot address
the issue propounded on appeal. The contention is overruled.
(2)      There Was No Error In Failing To Remove Harris' Counsel
          Harris next contends the trial court erred in failing to obtain adequate information to
determine whether his trial attorney, Mike Lewis, had a potential conflict of interest
sufficient to justify removing him from the case. Harris made it clear he believed there was
a conflict of interest because Lewis had represented Eddie Allen, Jr., initially Harris'
codefendant in the aggravated robbery case.


 Lewis indicated on the record that he had
represented Allen in a parole revocation hearing and that Harris had been called as a
witness but declined to testify. It also appears Lewis had represented Harris on another
charge that resulted in an acquittal. Little more can be gleaned from the record before us.
          There is authority for the proposition that a conflict may exist when a lawyer
simultaneously represents multiple criminal defendants and that the risk is sufficiently great
that the law imposes a presumption of prejudice. Monreal v. State, 923 S.W.2d 61 (Tex.
App.—San Antonio 1996), aff'd, 947 S.W.2d 559 (Tex. Crim. App. 1997). This prejudice
is well illustrated in cases in which the position of one defendant is that the other defendant
committed the offense. Thompson v. State, 94 S.W.3d 11, 19 (Tex. App.—Houston [14th
Dist.] 2002, pet. ref'd); see Monreal, 923 S.W.2d at 564. If a lawyer represents two or
more codefendants in the same matter, he or she is legally and ethically deprived of using
the time-honored defense of blaming the other defendant. Thompson, 94 S.W.3d at 19. 
This is not an automatic pass in all situations, however, but is limited to the specific factual
situation where a single attorney represents both defendants in the same proceeding. See 
Mickens v. Taylor, 535 U.S. 162 (2002); Thompson, 94 S.W.3d at 19.
          Those are not the facts of this case. Harris' perception that there might be a conflict
is not controlling, and there is simply nothing in this record that would even tend to raise
the perception that one might exist. The court briefly questioned counsel and Harris about
the claims, and saw nothing deserving of further review. We find no error. The contention
is overruled.
(3)      No Ineffective Assistance of Counsel Was Shown
          Harris next contends he received ineffective assistance of counsel. We review this
contention under the standards set out in Strickland v. Washington, 466 U.S. 668 (1984),
requiring the appellant to prove by a preponderance of the evidence (1) that his or her
counsel's representation fell below an objective standard of reasonableness and (2) that
the deficient performance prejudiced his or her defense. Two areas of error are alleged.
          Harris first argues counsel was ineffective because he may have misled Harris by
telling him he needed to file, and Harris needed to sign, a motion for new trial in order to
appeal. As correctly pointed out by appellate counsel, it is not necessary to file a motion
for new trial in order to file an appeal, and there is no requirement that an appellant actually
sign a motion for new trial. Trial counsel's statements were incorrect, but there is no
resulting harm. One of the primary three possible outcomes of an appeal is a new trial. 
If Harris sought appellate review, which he did, then he submitted himself to the possible
result of getting what he sought.
          A more difficult problem is apparent, however, in the sentencing phase of this trial. 
Harris argues his counsel was ineffective because he chose to have a jury assess his
punishment instead of the court, reasoning that, if counsel had elected to have the court
assess punishment, it would have been restricted to a term of years no longer than that
originally assessed. That is not an entirely accurate appraisal of the state of the law in this
regard.
          A court assessing punishment is not necessarily limited to the former sentence. 
Due process of law requires that judicial vindictiveness against a defendant for having
successfully attacked his or her first conviction must play no part in the assessment of
punishment or sentence that defendant receives after the new trial or proceedings. North
Carolina v. Pearce, 395 U.S. 711, 725 (1969); Wiltz v. State, 863 S.W.2d 463, 464 (Tex.
Crim. App. 1993); Davila v. State, 961 S.W.2d 610, 616 (Tex. App.—San Antonio 1997,
no pet.); Tillman v. State, 919 S.W.2d 836, 839 (Tex. App.—Fort Worth 1996, pet. ref'd). 
Therefore, although the same court may increase a defendant's sentence after a new trial,
the reasons for the increase must affirmatively appear on the record. But a different
sentencing entity is treated as having no "personal stake" in the prior conviction, and thus
the presumption of vindictiveness will not apply. Alabama v. Smith, 490 U.S. 794, 798–800
(1989); Texas v. McCullough, 475 U.S. 134, 139–40 (1986).
          In the first trial, a jury assessed punishment at thirty years. In this trial, a jury
assessed punishment at fifty years. To the first question of whether the trial court would
have been bound to assess punishment at no more than the thirty years set by the first
jury, the answer is "no." Although the same judge presided at both trials, he did not assess
the sentence in the first trial, the jury did. Under the analysis used in the cases cited
above, because a different sentencing entity was chosen, there was no constitutional
requirement that the sentence be no greater than that assessed the first time. In this
situation, the choice of judge rather than jury to assess punishment would not have created
a binding limitation that would have prevented imposition of a higher sentence in the new
trial. Accordingly, there is no showing of error. The contention is overruled.
(4)      Granting New Trial Was Not Error
          Harris next contends there was error in the granting of a new trial. In the first trial,
Harris had been sentenced to only thirty and twenty-five years, respectively, on two counts;
the second trial resulted in a fifty-year sentence.
          Harris complains he really did not want a new trial. If so, he should not have
appealed. We emphasize that our reversal of the original conviction and remand for a new
trial was mandated because of the lack of a reporter's record to properly evaluate Harris'
first appeal. Further, at any time before our opinion on the first appeal—that is, during the
multiple abatement procedures and correspondence preceding that opinion—had he
wished to qualify his actions and proceed on the clerk's record alone, he had the
responsibility to so inform this Court at that time. If there were reasons to attack our former
opinion, they should have been raised at that time—before that opinion became final and
our mandate was issued—not after the completion of the trial on remand. The contention
is without legal basis and is outside the scope of the present case and appeal. The
contention is overruled.
          We affirm the judgment.
 
                                                                           Josh R. Morriss, III
                                                                           Chief Justice

Date Submitted:      July 5, 2005
Date Decided:         August 30, 2005

Do Not Publish