COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-029-CR

 

 

ELMER RAY JORDAN, JR.                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction








This is Appellant Elmer Ray
Jordan, Jr.=s second
appeal from a sentence assessed by a jury after Appellant pleaded guilty to
possession of over 400 grams of cocaine with intent to deliver and Anot true@ to two
prior convictions.  Appellant filed the
first appeal (AJordan I@) after a jury found the enhancements to be Atrue@ and
assessed punishment at life imprisonment. 
Jordan v. State, No. 2-01-530-CR, 2003 WL 21283184, at *1 (Tex.
App.CFort Worth June 5, 2003, no pet.) (mem. op.) (not designated for
publication).  In Jordan I,
Appellant argued, among other things, that there was no evidence to prove that
the offense made the basis of the second of the two prior convictions was
committed after the first prior conviction became final.  Id. at *2.  We agreed and remanded the case to the trial
court for a new trial on punishment.  Id.
at *5.  At the second punishment trial,
another jury found the enhancements to be Atrue@ and
assessed punishment at 99 years= imprisonment, and the trial court rendered judgment accordingly.  This appeal followed.

In five points, Appellant
argues that, once again, the State presented legally insufficient evidence that
the crime made the basis of the second enhancement conviction was committed
after the first enhancement conviction became final; that the trial court erred
by failing to allow Appellant to withdraw his guilty plea; that article
44.29(b) of the code of criminal procedure violated Appellant=s constitutional rights to due process and a trial by jury on guilt;
and that his trial counsel in Jordan I rendered ineffective assistance
by failing to advise Appellant of his right to file a motion to suppress before
Appellant pleaded guilty.  We reverse and
remand for another new trial on punishment.

                              Proof of Enhancement Allegations








In his first point, Appellant
argues that there was legally insufficient evidence to prove that the second
prior felony conviction alleged in the indictment=s enhancement paragraph was for an offense committed after the first
prior felony conviction became final, as required by section 12.42(d) of the
penal code.  See Tex. Penal Code Ann. ' 12.42(d) (Vernon 2005). 
Appellant made the same argument in Jordan I.  See Jordan I, 2003 WL 21283184, at
*2.  In Jordan I, the State
conceded that there was no evidence to prove that the second felony was
committed after the first conviction became final but argued that Appellant
suffered no harm from the lack of proof. 
Id.  We held that a harm
analysis was not appropriate under the circumstances and sustained Appellant=s point.  Id. at *3.  This time around, the State argues that it
did present legally sufficient evidence that Appellant committed the second
felony after the first conviction became final.

The indictment alleged two
prior convictions, both in Oklahoma and both for felony possession of a
controlled dangerous substance.  The
indictment alleged that Appellant was convicted of the first enhancement felony
in 1988 and of the second in 1992.  In Jordan
I, the State offered evidence that reflected only the dates of
conviction.  In the second punishment
trial, the State offered the Oklahoma Apen packet@ relating to
the prior convictions.  The pen packet
contains extensive information about the two convictions, but conspicuously
absent is any reference to the date on which Appellant committed the second
felony.








The State argues that the jury
could infer from the dates recited in the pen packet that the second felony was
necessarily committed after the first felony conviction became final and after
Appellant had served his sentence for that conviction.  We disagree. 
As Appellant points out, the jury was not advised of the Oklahoma
statute of limitations for the crime made the basis of the second conviction,
leaving open the possibility that the second crime was committed before he was
convicted and confined for the first. 
The State also argues that the jury could have inferred the date of the
second offense from the date of Appellant=s arrest for the offense. 
Again, we disagree.  An accused
may be arrested for a crime long after the date of its commission.  Moreover, we cannot find in the pen packet
the date of Appellant=s arrest for
the second felony.

Finding no evidence in the
record reflecting the date on which Appellant committed the second enhancement
felony, we hold that the evidence is legally insufficient to prove that
Appellant committed the second felony after his conviction for the first felony
became final.








The State argues that even if
the evidence is legally insufficient, Appellant cannot show harm.  The State echos the no-harm argument it made
in Jordan I.  In Jordan I,
we held that a harm analysis was inappropriate in this context.  Id. at *2.  For the same reasons we articulated in that
appeal, we reject the State=s no-harm argument in this appeal. 
See id. at *2-3.  We
therefore sustain Appellant=s first point.








                                Right to Withdraw Guilty Plea

In his second, third, and
fourth points, Appellant argues that the trial court erred by refusing to allow
Appellant to withdraw his guilty plea when we remanded the case for a new
punishment hearing and that article 44.29(b) of the code of criminal procedure
violated his federal constitutional rights to due process and a jury trial.

Rule 43.2 of the rules of
appellate procedure permits a court of appeals to remand a case for punishment
only.  See Tex. R. App. P. 43.2; Lopez v. State, 18 S.W.3d
637, 639 (Tex. Crim. App. 2000).  Article
44.29(b) provides that if a court of appeals remands a case for a new trial
only because of errors in the punishment phase, the trial court shall commence
the new trial as if a finding of guilt had been returned and proceed to the
punishment stage.  Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2005).  Article
44.29(b) was enacted to give an appellate court the authority to remand a case
for punishment only.  Lopez, 18
S.W.3d at 640.








A defendant has the absolute
right to withdraw a guilty plea at any time before the jury retires.  Fairfield v. State, 610 S.W.2d 771,
776 (Tex. Crim. App. 1981) (quoting Alexander v. State, 69 Tex. Crim.
23, 152 S.W. 436, 437 (1912)); Abrego v. State, 977 S.W.2d 835, 837
(Tex. App.CFort Worth
1998, pet. ref=d).  This right has been described as an
unqualified one, derived directly from the Ainviolate@ right to
trial by jury.  Abrego, 977 S.W.2d
at 837 (citing Fairfield, 610 S.W.2d at 776).

In cases where a defendant
enters a plea of guilty or nolo contendere without the benefit of a plea
bargain agreement, a court of appeals may remand the case simply for a new
hearing on punishment if it finds trial court error solely in regard to the
assessment of punishment. See Boone v. State, 60 S.W.3d 231, 235 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref=d) (citing Levy v. State, 818 S.W.2d 801, 802‑03 (Tex.
Crim. App. 1991)); Ludwick v. State, 931 S.W.2d 752, 755 (Tex. App.CFort Worth 1996, no pet.).  In
such a case, the trial court=s jurisdiction on remand is limited to issues concerning the
punishment phase.  Lopez, 18
S.W.3d at 639‑40; see also Easton v. State, 920 S.W.2d 747, 748
(Tex. App.CHouston [1
Dist.] 1996, no pet.); Rische v. State, 834 S.W.2d 942, 948 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d).








It is axiomatic that a motion
to withdraw a guilty plea is a matter involved in the guilt-innocence stage of
a trial.  See Jolivet v. State,
811 S.W.2d 706, 709 (Tex. App.CDallas 1991) (holding that guilty plea governs guilt-innocence phase
of trial; it has no bearing on punishment phase of trial), aff=d, 846 S.W.2d 847 (Tex. Crim. App. 1993); Boone,
60 S.W.3d at 235‑36 (holding it was not error to refuse to proceed with
jury trial to determine guilt or innocence or deny motion to enter plea of not
guilty in case remanded for another punishment hearing).  Thus, at the second punishment hearing in
this case, the trial court no longer had jurisdiction over the guilt-innocence
stage of the trial, including jurisdiction to consider defendant=s motion to withdraw a guilty plea. 
See Tex. Code Crim. Proc.
Ann. art. 44.29(b); Tex. R. App. P. 43.2; Davila v.
State, 961 S.W.2d 610, 613‑14 (Tex. App.CSan Antonio 1997, no pet.). The trial court was empowered only to
proceed to a new determination as to punishment; it had no jurisdiction to
entertain the motion to withdraw the guilty plea.

Appellant contends that he
had the absolute right to withdraw his plea of guilty any time before the jury
retired in the second punishment trial and that article 44.29(b) is
unconstitutional (1) because it makes no distinction between a case remanded
for a new punishment trial after a jury has already determined guilt and a case
remanded for a new punishment trial when a jury has not determined guilt, (2)
because it prevented Appellant from asserting defenses to guilt not known to
him when he entered his plea because of ineffective assistance of counsel, and
(3) because it violates his right under the Sixth Amendment to withdraw his
guilty plea and submit guilt-innocence to a jury at any time before the jury
retires. 








Implicit in all of Appellant=s arguments is the idea that he was never convicted of the underlying
offense; that is, Appellant suggests that the first jury merely assessed
punishment and did not find Appellant guilty. 
We disagree.  A plea of guilty to
a felony before a jury admits the existence of all incriminating facts
necessary to establish guilt.  Wilkerson
v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987).  In the first trial, the trial court received
Appellant=s plea of
guilty and instructed the jury to find him guilty, and the jury duly found him
guilty.  See Jordan I, 2003 WL
21283184 at *1.  The fact that Appellant=s plea resulted in a unitary rather than a bifurcated trial on
guilt-innocence and punishment does not mean that guilt-innocence was skipped
altogether; it simply means that guilt-innocence and punishment were submitted
to the jury at the same time, with an instruction to find Appellant guilty
because he admitted the existence of all incriminating facts necessary to
establish guilt.  Thus, guilt-innocence
was submitted to the first jury, and Appellant=s absolute right to withdraw his guilty plea terminated when the jury retired.  We remanded for a new trial on punishment
only.  Id. at *5.  Therefore, the trial court properly commenced
the new trial as though a verdict of guilt had been returnedCas indeed it hadCand
proceeded to the punishment stage.  See
Tex. Code Crim. Proc. Ann. art.
44.29(b).

We therefore hold that the
trial court did not err by refusing to allow Appellant to withdraw his guilty
plea on remand.  For the same reasons,
Appellant=s
constitutional challenges, all premised on the mistaken notion that the first
jury did not find him guilty, must also fail. 
We therefore overrule Appellant=s second, third, and fourth points.

 








                              Ineffective Assistance of Counsel

In his fifth point, Appellant
argues that his trial counsel in Jordan I rendered ineffective
assistance by failing to advise Appellant of his right to file a motion to
suppress evidence relating to the search made the basis of the indictment and
to have the jury instructed to disregard illegally-seized evidence.  Appellant made essentially the same argument
in Jordan I.  We held, based on
the record then before us, that Appellant=s motion to suppress would not have been successful and that his trial
counsel was therefore not ineffective for failing to file such a motion.  Jordan I, 2003 WL 21283184 at *4.  As we have already noted, we remanded for a
new trial on punishment only.  Id.
at *5.  On remand, Appellant filed a
motion to suppress, which the trial court overruled after a hearing.  Appellant does not appeal the trial court=s ruling on his motion.








An appellant may not assert
any error that occurred during the guilt‑innocence phase of the trial
when he is appealing from the retrial of only the punishment phase.  Davila, 961 S.W.2d at 617; Easton,
920 S.W.2d at 750; Rische, 834 S.W.2d at 948; Sanders v. State,
832 S.W.2d 719, 723‑24 (Tex. App.CAustin 1992, no pet.).  And this
court is limited to reviewing errors that allegedly occurred during the
punishment retrial.  Davila, 961
S.W.2d at 617; Easton, 920 S.W.2d at 750.  The determination of Appellant=s guilt has become final.  See
Davila, 961 S.W.2d at 617.  Hence,
the proper means for Appellant to present his ineffective-assistance complaint
is by application for post-conviction writ of habeas corpus.  See id.  Accordingly, we overrule his fifth point.

                                             Conclusion

Having sustained Appellant=s first point and overruled his second through fifth points, we
reverse the trial court=s judgment
only as to punishment and remand for another new trial on punishment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 27, 2006











[1]See Tex. R. App. P. 47.4.