JORDAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-029-CR

ELMER RAY JORDAN, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

This is Appellant Elmer Ray Jordan, Jr.’s second appeal from a sentence assessed by a jury after Appellant pleaded guilty to possession of over 400 grams of cocaine with intent to deliver and “not true” to two prior convictions.  Appellant filed the first appeal (“
Jordan I
”) after a jury found the enhancements to be “true” and assessed punishment at life imprisonment.  
Jordan v. State
, No. 2-01-530-CR, 2003 WL 21283184, at *1 (Tex. App.—Fort Worth June 5, 2003, no pet.) (mem. op.) (not designated for publication).  In 
Jordan I
, Appellant argued, among other things, that there was no evidence to prove that the offense made the basis of the second of the two prior convictions was committed after the first prior conviction became final.  
Id.
 at *2.  We agreed and remanded the case to the trial court for a new trial on punishment.  
Id.
 at *5.  At the second punishment trial, another jury found the enhancements to be “true” and assessed punishment at 99 years’ imprisonment, and the trial court rendered judgment accordingly.  This appeal followed.

In five points, Appellant argues that, once again, the State presented legally insufficient evidence that the crime made the basis of the second enhancement conviction was committed after the first enhancement conviction became final; that the trial court erred by failing to allow Appellant to withdraw his guilty plea; that article 44.29(b) of the code of criminal procedure violated Appellant’s constitutional rights to due process and a trial by jury on guilt; and that his trial counsel in 
Jordan I
 rendered ineffective assistance by failing to advise Appellant of his right to file a motion to suppress before Appellant pleaded guilty.  We reverse and remand for another new trial on punishment.

Proof of Enhancement Allegations

In his first point, Appellant argues that there was legally insufficient evidence to prove that the second prior felony conviction alleged in the indictment’s enhancement paragraph was for an offense committed after the first prior felony conviction became final, as required by section 12.42(d) of the penal code.  
See
 
Tex. Penal Code Ann.
 §
 12.42(d) (Vernon 2005).  Appellant made the same argument in 
Jordan I
.  
See Jordan I
, 2003 WL 21283184, at *2.  In 
Jordan I
, the State conceded that there was no evidence to prove that the second felony was committed after the first conviction became final but argued that Appellant suffered no harm from the lack of proof.  
Id.
  We held that a harm analysis was not appropriate under the circumstances and sustained Appellant’s point.  
Id. 
at *3.  This time around, the State argues that it did present legally sufficient evidence that Appellant committed the second felony after the first conviction became final.

The indictment alleged two prior convictions, both in Oklahoma and both for felony possession of a controlled dangerous substance.  The indictment alleged that Appellant was convicted of the first enhancement felony in 1988 and of the second in 1992.  In 
Jordan I
, the State offered evidence that reflected only the dates of conviction.  In the second punishment trial, the State offered the Oklahoma “pen packet” relating to the prior convictions.  The pen packet contains extensive information about the two convictions, but conspicuously absent is any reference to the date on which Appellant committed the second felony.

The State argues that the jury could infer from the dates recited in the pen packet that the second felony was necessarily committed after the first felony conviction became final and after Appellant had served his sentence for that conviction.  We disagree.  As Appellant points out, the jury was not advised of the Oklahoma statute of limitations for the crime made the basis of the second conviction, leaving open the possibility that the second crime was committed before he was convicted and confined for the first.  The State also argues that the jury could have inferred the date of the second offense from the date of Appellant’s arrest for the offense.  Again, we disagree.  An accused may be arrested for a crime long after the date of its commission.  Moreover, we cannot find in the pen packet the date of Appellant’s arrest for the second felony.

Finding no evidence in the record reflecting the date on which Appellant committed the second enhancement felony, we hold that the evidence is legally insufficient to prove that Appellant committed the second felony after his conviction for the first felony became final.

The State argues that even if the evidence is legally insufficient, Appellant cannot show harm.  The State echos the no-harm argument it made in 
Jordan I
.  In 
Jordan I
, we held that a harm analysis was inappropriate in this context.  
Id. 
at *2.  For the same reasons we articulated in that appeal, we reject the State’s no-harm argument in this appeal.  
See id
. at *2-3.  We therefore sustain Appellant’s first point.

Right to Withdraw Guilty Plea

In his second, third, and fourth points, Appellant argues that the trial court erred by refusing to allow Appellant to withdraw his guilty plea when we remanded the case for a new punishment hearing and that article 44.29(b) of the code of criminal procedure violated his federal constitutional rights to due process and a jury trial.

Rule 43.2 of the rules of appellate procedure permits a court of appeals to remand a case for punishment only.  
See 
Tex. R. App. P.
 
43.2;
 Lopez v. State
, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000).  Article 44.29(b) provides that if a court of appeals remands a case for a new trial only because of errors in the punishment phase, the trial court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage.  
Tex. Code Crim. Proc. Ann.
 art.
 44.29(b) (Vernon Supp. 2005).  Article 44.29(b) was enacted to give an appellate court the authority to remand a case for punishment only.  
Lopez
, 18 S.W.3d at 640.

A defendant has the absolute right to withdraw a guilty plea at any time before the jury retires.  
Fairfield v. State,
 610 S.W.2d 771, 776 (Tex. Crim. App. 1981) (quoting 
Alexander v. State
, 69 Tex. Crim. 23, 152 S.W. 436, 437 (1912)); 
Abrego v. State,
 977 S.W.2d 835, 837 (Tex. App.—Fort Worth 1998, pet. ref’d).  This right has been described as an unqualified one, derived directly from the “inviolate” right to trial by jury.  
Abrego
, 977 S.W.2d at 837 (citing 
Fairfield
, 610 S.W.2d at 776).

In cases where a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain agreement, a court of appeals may remand the case simply for a new hearing on punishment if it finds trial court error solely in regard to the assessment of punishment. 
See Boone v. State
, 60 S.W.3d 231, 235 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (citing 
Levy v. State
, 818 S.W.2d 801, 802-03 (Tex. Crim. App. 1991))
; Ludwick v. State
, 931 S.W.2d 752, 755 (Tex. App.—Fort Worth 1996, no pet.).  In such a case, the trial court’s jurisdiction on remand is limited to issues concerning the punishment phase.  
Lopez
, 18 S.W.3d at 639-40; 
see also Easton v. State
, 920 S.W.2d 747, 748 (Tex. App.—Houston [1 Dist.] 1996, no pet.); 
Rische v. State
, 834 S.W.2d 942, 948 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).

It is axiomatic that a motion to withdraw a guilty plea is a matter involved in the guilt-innocence stage of a trial.  
See Jolivet v. State
, 811 S.W.2d 706, 709 (Tex. App.—Dallas 1991) (holding that guilty plea governs guilt-innocence phase of trial; it has no bearing on punishment phase of trial)
, 
aff’d
, 846 S.W.2d 847 (Tex. Crim. App. 1993); 
Boone
, 60 S.W.3d at 235-36 (holding it was not error to refuse to proceed with jury trial to determine guilt or innocence or deny motion to enter plea of not guilty in case remanded for another punishment hearing).  Thus, at the second punishment hearing in this case, the trial court no longer had jurisdiction over the guilt-innocence stage of the trial, including jurisdiction to consider defendant’s motion to withdraw a guilty plea.  
See 
Tex. Code Crim. Proc. Ann. 
art
.
 44.29(b); 
Tex. R. App. P.
 43.2; 
Davila v. State
, 961 S.W.2d 610, 613-14 (Tex. App.—San Antonio 1997, no pet.). The trial court was empowered only to proceed to a new determination as to punishment; it had no jurisdiction to entertain the motion to withdraw the guilty plea.

Appellant contends that he had the absolute right to withdraw his plea of guilty any time before the jury retired in the second punishment trial and that article 44.29(b) is unconstitutional (1) because it makes no distinction between a case remanded for a new punishment trial after a jury has already determined guilt and a case remanded for a new punishment trial when a jury has not determined guilt, (2) because it prevented Appellant from asserting defenses to guilt not known to him when he entered his plea because of ineffective assistance of counsel, and (3) because it violates his right under the Sixth Amendment to withdraw his guilty plea and submit guilt-innocence to a jury at any time before the jury retires. 

Implicit in all of Appellant’s arguments is the idea that he was never convicted of the underlying offense; that is, Appellant suggests that the first jury merely assessed punishment and did not find Appellant guilty.  We disagree.  A plea of guilty to a felony before a jury admits the existence of all incriminating facts necessary to establish guilt.  
Wilkerson v. State
, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987).  In the first trial, the trial court received Appellant’s plea of guilty and instructed the jury to find him guilty, and the jury duly found him guilty.  
See Jordan I
, 2003 WL 21283184 at *1.  The fact that Appellant’s plea resulted in a unitary rather than a bifurcated trial on guilt-innocence and punishment does not mean that guilt-innocence was skipped altogether; it simply means that guilt-innocence and punishment were submitted to the jury at the same time, with an instruction to find Appellant guilty because he admitted the existence of all incriminating facts necessary to establish guilt.  Thus, guilt-innocence was submitted to the first jury, and Appellant’s absolute right to withdraw his guilty plea terminated when the jury retired.  We remanded for a new trial on punishment only.  
Id.
 at *5.  Therefore, the trial court properly commenced the new trial as though a verdict of guilt had been returned—as indeed it had—and proceeded to the punishment stage.  
See
 
Tex. Code Crim. Proc. Ann.
 art.
 44.29(b).

We therefore hold that the trial court did not err by refusing to allow Appellant to withdraw his guilty plea on remand.  For the same reasons, Appellant’s constitutional challenges, all premised on the mistaken notion that the first jury did not find him guilty, must also fail.  We therefore overrule Appellant’s second, third, and fourth points.

Ineffective Assistance of Counsel

In his fifth point, Appellant argues that his trial counsel in 
Jordan I
 rendered ineffective assistance by failing to advise Appellant of his right to file a motion to suppress evidence relating to the search made the basis of the indictment and to have the jury instructed to disregard illegally-seized evidence.  Appellant made essentially the same argument in 
Jordan I
.  We held, based on the record then before us, that Appellant’s motion to suppress would not have been successful and that his trial counsel was therefore not ineffective for failing to file such a motion.  
Jordan I
, 2003 WL 21283184 at *4.  As we have already noted, we remanded for a new trial on punishment only.  
Id
. at *5.  On remand, Appellant filed a motion to suppress, which the trial court overruled after a hearing.  Appellant does not appeal the trial court’s ruling on his motion.

An appellant may not assert any error that occurred during the guilt-innocence phase of the trial when he is appealing from the retrial of only the punishment phase.  
Davila, 
961 S.W.2d at 617; 
Easton
, 920 S.W.2d at 750; 
Rische
, 834 S.W.2d at 948; 
Sanders v. State
, 832 S.W.2d 719, 723-24 (Tex. App.—Austin 1992, no pet.).  And this court is limited to reviewing errors that allegedly occurred during the punishment retrial. 
 Davila, 
961 S.W.2d at 617
; Easton
, 920 S.W.2d at 750.  The determination of Appellant’s guilt has become final.  
See Davila
, 961 S.W.2d at 617.  Hence, the proper means for Appellant to present his ineffective-assistance complaint is by application for post-conviction writ of habeas corpus.  
See
 
id.  
Accordingly, we overrule his fifth point.

Conclusion

Having sustained Appellant’s first point and overruled his second through fifth points, we reverse the trial court’s judgment only as to punishment and remand for another new trial on punishment.

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 27, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.